# Illinois Official Reports

## Supreme Court

***People v. Easton*, 2018 IL 122187**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JORDAN EASTON, Appellee. |
| Docket No. | 122187 |
| Filed | November 29, 2018 |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Kendall County, the Hon. Timothy J. McCann, Judge, presiding. |
| Judgment | Appellate court judgment affirmed.<br>Circuit court judgment vacated.<br>Cause remanded. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield (David L. Franklin, Solicitor General, and Michael M. Glick and Brian McLeish, Assistant Attorneys General, of Chicago, of counsel), for the People.<br><br>James E. Chadd, State Appellate Defender, Thomas A. Lilien, Deputy Defender, and Andrew Smith, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Elgin, for appellee. |

Justices                JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Thomas, Kilbride, Garman, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1      Defendant, Jordan Easton, pled guilty to aggravated unlawful possession of a stolen motor vehicle, unlawful possession of a stolen motor vehicle, and four counts of unlawful use of a credit card. At sentencing, the circuit court of Kendall County imposed concurrent prison terms for all six convictions. Defendant moved for reconsideration of the sentences, and defense counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). The circuit court denied the motion, and defendant appealed. The appellate court vacated the circuit court's judgment and remanded for further proceedings, holding that defense counsel's certificate did not comply with Illinois Supreme Court Rule 604(d) (eff. Dec. 3, 2015), which was amended during the pendency of the appeal. 2017 IL App (2d) 141180. This court allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Mar. 15, 2016). For the reasons that follow, we affirm the judgment of the appellate court, albeit on different grounds.

¶ 2                            I. BACKGROUND

¶ 3      On August 26, 2014, defendant appeared in the circuit court on six distinct criminal cases. He entered open pleas of guilty to one count of aggravated unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103.2(a)(7)(A) (West 2012)) (charged in case No. 2013 CF 333), one count of unlawful possession of a stolen motor vehicle (*id.* § 4-103(a)(1)) (charged in case No. 2014 CF 53), and four counts of unlawful use of a credit card (720 ILCS 5/17-36 (West 2012)) (charged in case Nos. 2014 CF 24, 2014 CF 138, 2014 CF 139, and 2014 CF 140). The circuit court sentenced him to prison terms of 10 years each for aggravated unlawful possession of a stolen motor vehicle and unlawful possession of a stolen motor vehicle and three terms of 6 years and one term of 5 years for unlawful use of a credit card, with all sentences to be served concurrently. In five of the six cases, the circuit court also ordered defendant to make restitution payments to the victims after his release from prison.

¶ 4      On October 29, 2014, defendant's counsel filed a motion for reconsideration, claiming that the sentences imposed were excessive and that the court failed to properly consider several factors in mitigation. Along with the motion to reconsider, defense counsel also filed a certificate as required under Rule 604(d).[1]

¶ 5      At the time the certificate was filed, Rule 604(d) required counsel to certify, *inter alia*, that he or she "has consulted with the defendant *** to ascertain defendant's contentions of error in

---

[1]The record on appeal includes six identical copies of the motion to reconsider listing all six criminal case numbers in the caption. The same is true of defense counsel's Rule 604(d) certificate. However, the appellate court and the parties refer to these identical documents in the singular. For the sake of clarity and continuity, we do the same.

the sentence *or* the entry of the plea of guilty, [and] has examined the trial court file and report of proceedings of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013). The certificate filed by defendant's attorney mirrored the language of Rule 604(d) that was in effect at that time and stated, in pertinent part, as follows:

"1. I have consulted with the Defendant in person to ascertain his contentions of error in the imposition of the sentence or the entry of plea of guilty;

2. I have examined the trial court file and report of proceedings of the pleas of guilty."

The circuit court denied the motion on November 26, 2014, and defendant immediately appealed.

¶ 6    While defendant's appeal was pending, Rule 604(d) was amended to require that counsel certify that he or she "has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). The amended rule also requires counsel to certify that he or she has "examined the trial court file and *both* the report of proceedings of the plea of guilty *and the report of proceedings in the sentencing hearing*." (Emphases added.) *Id.*

¶ 7    On appeal, defendant argued that the amended version of Rule 604(d) applied retroactively to his case and that his counsel's certificate failed to satisfy the requirements of the amended rule because counsel did not certify that she had consulted with him as to his contentions of error with regard to both his guilty plea and his sentence.

¶ 8    The appellate court held that, because the amended version of Rule 604(d) is purely procedural, it applies retroactively to defendant's case. 2017 IL App (2d) 141180, ¶ 17. Applying the amended rule, the appellate court determined that defense counsel's certificate was deficient on two grounds: it did not certify that she had consulted with defendant as to his contentions of error with regard to both his guilty plea and his sentence, and it did not certify that she had reviewed the report of proceedings of the sentencing hearing. *Id.* ¶ 18. Accordingly, the appellate court vacated the judgment of the circuit court and remanded the case for further postplea proceedings, including the filing of a new Rule 604(d) certificate, a new motion to withdraw the guilty plea and/or reconsider the sentences, if necessary, and a new motion hearing. *Id.* ¶ 19.

¶ 9    The State appeals to this court.

## II. ANALYSIS
### A. Retroactivity of the Amendment to Rule 604(d)

¶ 12    The fundamental issue in this appeal is whether the certificate filed by defendant's counsel complied with the requirements of Rule 604(d). To resolve that question, we first determine which version of Rule 604(d) applies to defendant's case. Therefore, we initially address the State's argument that the appellate court erred in holding that the amended version of Rule 604(d) applies retroactively to defendant's case, which was on appeal when the amendment became effective. According to the State, the sufficiency of defense counsel's certificate is governed by the preamendment version of the rule that was in effect when the notice of appeal was filed in November 2014.

- 3 -

¶ 13     As is true with statutes, the determination of the temporal reach of a supreme court rule is a matter of construction. See *People v. Hunter*, 2017 IL 121306, ¶ 15. The same principles that govern the construction of statutes also guide the interpretation of this court's rules. *People v. Salem*, 2016 IL 118693, ¶ 11; *In re H.L.*, 2015 IL 118529, ¶ 6. Our goal is to ascertain and give effect to the intention of the drafters of the rule. *Salem*, 2016 IL 118693, ¶ 11; *In re H.L.*, 2015 IL 118529, ¶ 6. As with a statute, the interpretation of a supreme court rule and the determination of its temporal reach present questions of law that we review *de novo*. *Hunter*, 2017 IL 121306, ¶ 15; *In re H.L.*, 2015 IL 118529, ¶ 6.

¶ 14     Given that statutes and supreme court rules are treated congruently, we employ the same analytical framework to determine whether they may be applied retroactively. See *In re Marriage of Duggan*, 376 Ill. App. 3d 725, 728-29 (2007); *People ex rel. Madigan v. Petco Petroleum Corp.*, 363 Ill. App. 3d 613, 619-21 (2006). Our retroactivity analysis is premised on that set forth by the United States Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), which was adopted by this court in *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27 (2001). *Hunter*, 2017 IL 121306, ¶ 20; *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 19.

¶ 15     Under that analysis, we first look to the rule itself to ascertain whether its temporal reach has been specifically articulated. See *Hunter*, 2017 IL 121306, ¶ 20 (citing *Howard*, 2016 IL 120729, ¶ 19). If the rule contains such an express intent, it must be given effect unless doing so would violate the constitution. *Id.* If the rule is silent as to its temporal reach, the court must determine whether the rule has a retroactive impact such that it "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." (Internal quotation marks omitted.) *Id.* (quoting *Howard*, 2016 IL 120729, ¶ 19, quoting *Commonwealth Edison*, 196 Ill. 2d at 38, quoting *Landgraf*, 511 U.S. at 280). If the rule does not have a retroactive impact, it may be applied retroactively; if the rule has a retroactive impact, it is presumed to apply prospectively. *Id.*

¶ 16     However, based on section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2016)), Illinois courts need not advance beyond the first step of the *Landgraf* analysis. *Hunter*, 2017 IL 121306, ¶ 21 (citing *Howard*, 2016 IL 120729, ¶ 20). Section 4 of the Statute on Statutes states:

> "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." 5 ILCS 70/4 (West 2016).

¶ 17    Section 4 " 'is a general savings clause, which this court has interpreted as meaning that procedural changes *** will be applied retroactively, while substantive changes are prospective only.' " *Hunter*, 2017 IL 121306, ¶ 22 (quoting *Howard*, 2016 IL 120729, ¶ 20). If the temporal reach is not clearly indicated within the text of the new provision, then the default directive set forth in section 4 of the Statute on Statutes applies. *Id.* Therefore, an amendment that is purely procedural will apply retroactively unless a constitutional impediment precludes its application. *Howard*, 2016 IL 120729, ¶ 28.

¶ 18    Here, the December 3, 2015, amendment to Rule 604(d) did not expressly indicate its temporal reach. Consequently, section 4 of the Statute on Statutes governs, and we consider whether that amendment to Rule 604(d) is substantive or procedural.[2]

¶ 19    A procedural rule prescribes the method by which a party seeks to enforce a right or obtain relief. *People v. Atkins*, 217 Ill. 2d 66, 71-72 (2005) (citing *Rivard v. Chicago Fire Fighters Union, Local No. 2*, 122 Ill. 2d 303, 310-11 (1988)). Conversely, substantive rules establish the rights that may be redressed under a particular procedure. *Id.* Rules of procedure involve matters such as pleading, evidence, and practice. *Id.* Rules of practice direct the course of proceedings before the court. *Id.*

¶ 20    Rule 604(d) governs the procedure by which a criminal defendant may appeal from a judgment entered on a guilty plea, and its terms dictate the practices that must be followed by defense attorneys in postplea proceedings. Given its procedural nature, amendments to the rule may be applied retroactively. That conclusion, however, does not resolve the inquiry in this case.

¶ 21    As this court has explained, section 4 of the Statute on Statutes requires that " 'the proceedings *thereafter*'—after the enactment of the new procedural statute—'shall conform, so far as practicable, to the laws in force at the time of such proceeding.' " (Emphasis in original.) *Hunter*, 2017 IL 121306, ¶ 31 (quoting 5 ILCS 70/4 (West 2016)). Thus, "[s]ection 4 contemplates the existence of proceedings after the new or amended [rule] is effective to which the new procedure could apply." *Id.* This understanding of section 4 has been acknowledged by our use of the phrase "ongoing proceedings" when referring to the retroactive application of a procedural amendment under that provision. *Id.*; see also *Howard*, 2016 IL 120729, ¶ 28; *People v. Ziobro*, 242 Ill. 2d 34, 46 (2011); *People v. Zito*, 237 Ill. 434, 440 (1908).

¶ 22    Moreover, as we observed in *Hunter*, *Landgraf* addressed the application of a procedural rule to cases that antedate the amendment, stating:

> " 'Of course, the mere fact that a new rule is procedural does not mean that it applies to every pending case. A new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime, and the promulgation of a new rule of evidence would not require an appellate remand for a new trial.' " *Hunter*, 2017 IL 121306, ¶ 34 (quoting *Landgraf*, 511 U.S. 275 n.29).

We further noted that Justice Scalia made the following observation in his special concurrence:

> " 'A new rule of evidence governing expert testimony, for example, is aimed at regulating the conduct of trial, and the event relevant to retroactivity of the rule is

---

[2]Illinois Supreme Court Rule 2(a) (eff. July 1, 2017) provides that this court's rules "are to be construed in accordance with the appropriate provisions of the Statute on Statutes."

introduction of the testimony. Even though it is a procedural rule, it would unquestionably not be applied to *testimony already taken*—reversing a case on appeal, for example, because the new rule had not been applied at a trial which antedated the statute." (Emphasis in original.) *Id.* ¶ 35 (quoting *Landgraf*, 511 U.S. at 291-92 (Scalia, J., concurring, joined by Kennedy and Thomas, JJ.)).

¶ 23    In this case, defendant's postplea proceedings in the circuit court were completed more than a year before Rule 604(d) was amended in December 2015. As a consequence, there were no "ongoing proceedings" to which the amended rule would apply. The result of the appellate court's decision was to necessitate new proceedings in order to apply an amendment to a procedural rule that postdated the postplea proceedings. That conclusion is not warranted under our retroactivity jurisprudence, and as expressed in *Hunter*, we "have grave concerns about such a result." *Id.* ¶ 33. Therefore, the appellate court erred holding that the amended version of Rule 604(d) applied retroactively to defendant's case on appeal.

¶ 24                      B. Sufficiency of Defense Counsel's Certificate
                                        Under the Prior Rule

¶ 25    Because the amended version of Rule 604(d) does not apply, we examine whether defense counsel's certificate satisfied the requirements of the rule that was in effect when the certificate and notice of appeal were filed. The issue of compliance with Rule 604(d) presents a legal question that we review *de novo*. See *People v. Wilmington*, 2013 IL 112938, ¶ 26 (citing *People v. Thompson*, 238 Ill. 2d 598, 606-07 (2010)); *People v. Hall*, 198 Ill. 2d 173, 177 (2001).

¶ 26    It is firmly established that the certificate filed by counsel must strictly comply with the requirements of Rule 604(d). *People v. Janes*, 158 Ill. 2d 27, 35 (1994). If the certificate fails to meet this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with Rule 604(d). *Id.* at 33.

¶ 27    At the time defense counsel filed her certificate, Rule 604(d) provided, in pertinent part, as follows:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013).

¶ 28    In *People v. Tousignant*, 2014 IL 115329, this court addressed the scope of defense counsel's obligations under that version of Rule 604(d) to determine whether the rule "requires counsel to certify that he consulted with the defendant regarding defendant's contentions of error in the sentence *and* the guilty plea, or only regarding contentions of error relevant to the defendant's post-plea motion." (Emphasis in original.) *Id.* ¶ 7. In so doing, we recognized that when the literal meaning of the word "or" is at variance with the purpose of a rule, it will be understood to mean "and" where necessary to effectuate the intent of the drafters. *Id.* ¶¶ 11-12 (citing *John P. Moriarty, Inc. v. Murphy*, 387 Ill. 119, 129-30 (1944)).

¶ 29    We noted that Rule 604(d) is designed to ensure that any potential errors in the entry of a guilty plea are brought to the trial court's attention prior to the filing of an appeal. *Id.* ¶ 16. We also observed that the certificate requirement included in the rule "enable[s] the trial court to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Emphasis in original.) *Id.* We determined that, with regard to defense counsel's consultation obligation, a literal reading of the word "or" is at variance with the rule's purpose and frustrates the goal of allowing trial courts to address potential improprieties in the guilty plea before an appeal is taken. *Id.* ¶ 18. However, construing the rule to require that counsel certify he or she consulted with the defendant about both sentencing and plea errors makes it more likely that all potential errors are addressed in the postplea proceeding. *Id.* ¶ 19. Accordingly, we held that, to effectuate the intent of Rule 604(d)'s consultation obligation, "the word '*or*' is considered to mean '*and.*' " (Emphases added.) *Id.* ¶ 20. Further, we expressly stated that, "[u]nder this reading, counsel is required to certify that he has consulted with the defendant 'to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty.' " (Emphasis in original.) *Id.*

¶ 30    Thus, our decision in *Tousignant* clearly held that, in order to comply with Rule 604(d), defense counsel must certify that he or she consulted with the defendant as to both types of error. *Id.* Although *Tousignant* was controlling precedent at the time of defendant's postplea proceeding, defense counsel's certificate stated that she had "consulted with the Defendant *** to ascertain his contentions of error in the imposition of the sentence *or* the entry of plea of guilty." (Emphasis added.) Therefore, the certificate failed to comply with the requirements of Rule 604(d) as construed by this court in *Tousignant*.

¶ 31    The State argues that, although defense counsel failed to tailor her certificate to our holding in *Tousignant*, the certificate was sufficient because it strictly complied with the "text" of the rule. The State posits that, in light of *Tousignant*, defense counsel's use of the word "or" means that she "necessarily certified" she had consulted with defendant about both sentencing and plea errors. This argument is without merit because it is premised on a fundamental misunderstanding of both the purpose of the rule and our decision in *Tousignant*.

¶ 32    As explained above, the goal of Rule 604(d) is to ensure that counsel's consultation with defendant encompasses any contentions of error in both the entry of the guilty plea and the imposition of sentence. The point of the rule is to protect the defendant's interests through adequate consultation. The certificate serves as evidence that the requisite consultation has taken place. It is the mechanism by which the circuit court is able to verify that counsel has fulfilled the rule's requirements. Where a certificate uses the word "or" rather than "and," it does not confirm that both types of error were discussed with the defendant. Such a certificate is deficient because it offers the circuit court no assurance of counsel's compliance with the consultation obligation.

¶ 33    Contrary to the State's argument, the fact that "or" is construed as "and" within the context of Rule 604(d) does not require that it be interpreted the same way when used in the context of counsel's certificate. The reason for this lies in the fundamental nature of the type of language being examined. In construing the language of the rule, our task is to ascertain the intent of its drafters and explain what burdens are imposed on counsel—our interpretation operates as a directive to guide future conduct.

¶ 34    When examining a certificate filed pursuant to the rule, our task is to determine whether counsel has actually satisfied that directive. The certificate relates the details of counsel's consultation with the defendant. Its objective is to describe past conduct—*i.e.*, the factual circumstances of an interaction with defendant that has already taken place. In examining the sufficiency of the certificate, the court is not seeking to ascertain counsel's intent in its drafting—rather, the court is charged with evaluating counsel's prior actions to determine whether the requirements of the rule have been satisfied. The focus is to ascertain what counsel actually did to achieve compliance with the rule. Given the nature and function of the certificate, counsel's use of the term "or" does not serve as a guarantee of compliance with Rule 604(d)'s imperatives.

¶ 35    In addition, the State's argument misapprehends the import of our decision in *Tousignant*. The clarity of our statement that "counsel *is required* to certify" that he or she has consulted with the defendant as to both types of error cannot be challenged. That statement held authoritative weight and served to modify how the consultation requirement in Rule 604(d) must be understood and satisfied. Our construction of the rule mandates that defense counsel specify in the certificate that he or she has consulted with defendant as to both types of error. Thus, *Tousignant* held, in essence, that tracking the "text" of the rule is inadequate, and a certificate that uses the word "or" to describe the consultation with defendant is deficient.

¶ 36    Moreover, the State's position that defense counsel's certificate in this case complied with the rule is at odds with the underlying justification for our decision in *Tousignant*. We held that construing "or" to mean "and" with regard to the consultation obligation was necessary to effectuate the intent of the drafters and to advance a primary purpose of the rule. See *id.* ¶¶ 11-12, 16, 18, 20. Acceptance of the State's argument directly contravenes that intent and impedes the purpose of the rule, where use of the word "or" does not confirm that counsel discussed both types of errors with the defendant.

¶ 37    Because defense counsel's certificate did not comply with Rule 604(d) as construed by *Tousignant*, defendant's case must be remanded to the circuit court for new postplea proceedings, including (1) the filing of a new Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing. See *e.g. People v. Lindsay*, 239 Ill. 2d 522, 531 (2011). On remand, counsel is required to comply with the current rule, which codifies the holding in *Tousignant* and also imposes the additional requirement that counsel review the report of proceedings in the sentencing hearing.

¶ 38                                        III. CONCLUSION

¶ 39    For the foregoing reasons, the judgment of the appellate court is affirmed.

¶ 40    Appellate court judgment affirmed.

¶ 41    Circuit court judgment vacated.

¶ 42    Cause remanded.