2020 IL App (1st) 181347-U

SIXTH DIVISION
June 30, 2020

No. 1-18-1347

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 18 DV 70490 |
| SAMUEL K. ASIAMAH, | ) ) | Honorable Yolande M. Bourgeois, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Connors and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's denial of defendant's motion to vacate his guilty plea is reversed and the case is remanded for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), because counsel failed to certify that he reviewed the report of proceedings from the guilty plea hearing.

¶ 2    Defendant Samuel K. Asiamah entered a negotiated plea of guilty to domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2016)) and was sentenced to 18 months of probation. The trial court denied his motion to withdraw his plea. On appeal, Mr. Asiamah contends this cause should be remanded for new postplea proceedings because plea counsel did not strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), when counsel failed to certify that he reviewed the

report of proceedings from the plea hearing and instead certified that he had ordered the transcript. We reverse and remand for proceedings in compliance with Rule 604(d).

¶ 3                                     I. BACKGROUND

¶ 4     On February 28, 2018, through counsel, Mr. Asiamah entered a negotiated plea of guilty to domestic battery in exchange for a sentence of 18 months of probation and the dismissal of a charge of criminal damage to property. As a factual basis for the plea, the prosecutor entered a stipulation that on February 13, 2018, Mr. Asiamah, without legal justification, knowingly and intentionally caused bodily harm to P.V., a girlfriend or family or household member, in that he struck her multiple times about the arms and body and attempted to choke her. The trial court accepted Mr. Asiamah's plea, finding that it was freely and voluntarily made and that a factual basis for the plea existed.

¶ 5     On March 13, 2018, through the same counsel, Mr. Asiamah filed a motion to withdraw the plea and vacate the judgment alleging that he was innocent and justice would be best served by permitting him to withdraw the plea and set the matter for trial. The motion stated that counsel had requested, but not received, the transcript of the plea hearing, and counsel reserved the right to supplement the motion after receiving and reviewing the report of proceedings.

¶ 6     Attached to the motion was counsel's certificate, filed pursuant to Rule 604(d) (eff. July 1, 2017), stating that counsel had consulted with Mr. Asiamah in person to ascertain Mr. Asiamah's contentions of error regarding the entry of the guilty plea, examined the court file and ordered the report of proceedings from the plea hearing, and made necessary amendments to the motion for an adequate presentation of any defects in the proceedings.

¶ 7     At a March 22, 2018, hearing, counsel informed the court that he was waiting for the transcript of the plea hearing.

¶ 8    On April 26, 2018, counsel told the court that the defense was "ready for a hearing at this time," and "for the most part would rest on [the] motion." Counsel argued that the court had the discretion to allow Mr. Asiamah to withdraw the plea, and that Mr. Asiamah had a viable defense that he wished to present to the court. The State replied that Mr. Asiamah had not stated a meritorious defense worthy of consideration. The trial court denied the motion to withdraw the plea.

¶ 9                                    II. JURISDICTION

¶ 10    Mr. Asiamah timely filed his notice of appeal on May 17, 2018. We have jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013) and Rule 606 (eff July 1, 2017), governing appeals from final judgments of conviction in criminal cases.

¶ 11                                   III. ANALYSIS

¶ 12    On appeal, Mr. Asiamah contends that plea counsel failed to strictly comply with the requirements of Rule 604(d) when counsel certified that he had ordered the report of proceedings from the plea hearing, but did not certify that he had reviewed the report of proceedings. Mr. Asiamah notes that plea counsel never filed an amended certificate reflecting that counsel actually received and reviewed the transcript of the plea hearing.

¶ 13    The State concedes that counsel's certificate did not strictly comply with Rule 604(d), but contends that counsel satisfied the requirements of the rule because he stated in open court on April 26, 2018, that the defense was "ready for the hearing at this time." The State argues that this statement "clearly" indicated that counsel received and reviewed the transcript. As counsel had reserved the right to amend the motion based on his review of the transcript, the State posits that statement meant that counsel had reviewed the transcript and found nothing that could be added to

the motion. The State further asserts that because Mr. Asiamah does not claim any improper conduct or impropriety during his postplea proceedings and he was afforded a hearing on his motion, the mechanical application of the rule in this case would be a formality and a waste of judicial resources.

¶ 14    Whether counsel's certificate complied with the requirements of Rule 604(d) presents a question of law that we review *de novo*. *People v. Easton*, 2018 IL 122187, ¶ 25. Rule 604(d) lists the procedures to be followed when, after pleading guilty, a defendant files either a motion to reconsider the sentence or a motion to withdraw the plea. *People v. Grice*, 371 Ill. App. 3d 813, 815 (2007). In relevant part, the rule provides:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 15    Our supreme court has held that "the certificate filed by counsel must strictly comply with the requirements of Rule 604(d)." *Easton*, 2018 IL 122187, ¶ 26. The court further stated that "[i]f the certificate fails to meet this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with Rule 604(d)." *Id*.

¶ 16    The certificate requirement in Rule 604(d) enables the trial court to ensure that counsel has reviewed a defendant's claims and considered all of the relevant bases for a motion to withdraw the guilty plea or reconsider the sentence. *People v. Tousignant*, 2014 IL 115329, ¶ 16. When

analyzing the sufficiency of the certificate, a "court is charged with evaluating counsel's prior actions to determine whether the requirements of the rule have been satisfied *** [and] ascertain[ing] what counsel actually did to achieve compliance with the rule." *Easton*, 2018 IL 122187, ¶ 34.

¶ 17    In Mr. Asiamah's case, the parties agree that the Rule 604(d) certificate filed by counsel failed to strictly comply with the rule because it failed to certify that counsel examined the transcript. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Although strict compliance with the rule does not require that the certificate contain the language of the rule verbatim, "some indication" must demonstrate that counsel performed the duties required by the rule. *People v. Richard*, 2012 IL App (5th) 100302, ¶ 10. Here, counsel's certificate was deficient on its face and counsel could have, but did not, file an amended certificate verifying that he had examined the report of proceedings from the plea hearing or even state verbally on the record that he had received and reviewed the transcripts.

¶ 18    We reject the State's argument that the statement by counsel that he "was ready for the hearing at this time" can stand in the place of the Rule 604(d) certificate. Generally, the transcript of the court hearing is not a substitute for Rule 604(d) compliance. *See Grice*, 371 Ill. App. 3d at 816. Rather, there must be some indication presented in the certificate itself to show that counsel complied with the requirements of Rule 604(d). *Id.*; *People v. Neal*, 403 Ill. App. 3d 757, 760 (2010). While the *Neal* court stated it could "consider the record where it undermines the certificate filed" (*id.*), the statement that counsel considered himself to be "ready" for the hearing falls far short of what would be necessary to conclude that, contrary to the Rule 604(d) certificate, counsel had both ordered and "*examined*" the transcript from the guilty plea.

¶ 19    The State also suggests that further proceedings in this case would be a wasteful formality.

But as we have repeatedly recognized, the purpose of requiring strict compliance with Rule 604(d) is so that the reviewing court is not required to waste resources scouring the record to determine if an attorney who filed a deficient certificate actually complied with Rule 604(d). See *People v. Dismuke*, 355 Ill. App. 3d 606, 609 (2005) ("a waste of judicial resources occurs when, as a result of an attorney's deficient certificate, an appellate court must scour through the record to determine whether that attorney actually complied with Rule 604(d), even though strict compliance with that rule's certification requirements would prevent such waste"); see also *Grice*, 371 Ill. App. 3d at 816 ("By promulgating Rule 604(d), the Supreme Court of Illinois has already determined the required content of the certificate *** [and] the certificate itself is all that this court will consider to determine compliance with Rule 604(d)."). Thus, as we have previously recognized, the best use of resources is to continue to require strict compliance with Rule 604(d).

¶ 20    Because plea counsel's certificate did not comply with the requirements of Rule 604(d), we must remand Mr. Asiamah's case to the trial court for new postplea proceedings, "including (1) the filing of a new Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *Easton*, 2018 IL 122187, ¶ 37.

¶ 21                                    IV. CONCLUSION

¶ 22    For these reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further postplea proceedings.

¶ 23    Reversed and remanded.