2021 IL App (1st) 173115-U

No. 1-17-3115

Order filed October 25, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 10062 |
| | ) | |
| JIMMIE SMITH, | ) | Honorable |
| | ) | William T. O'Brien, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WALKER delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The matter is remanded for compliance with Illinois Supreme Court Rule 604(d).

¶ 2     Defendant Jimmie Smith entered a blind plea of guilty to four counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(4), (8) (West 2008)) and was sentenced to a total of 110 years' imprisonment. He appeals, arguing that counsel did not comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), and that the trial court delivered improper admonishments

under Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). We remand for compliance with Rule 604(d).

¶ 3                                    I. BACKGROUND

¶ 4       Defendant was indicted on multiple charges, including four counts of aggravated criminal sexual assault, following an incident on May 9 and 10, 2009. The indictment alleged generally that defendant kidnapped and assaulted four victims, two of whom were younger than 18 years old.

¶ 5       The office of the Public Defender of Cook County initially represented defendant, but the trial court permitted it to withdraw on December 15, 2014, after defendant assaulted counsel. On December 17, 2015, the court designated the public defender's office as "stand-by counsel," and officially reappointed it on March 14, 2016.

¶ 6       On March 15, 2016, defendant agreed to enter a blind plea to four charges of aggravated criminal sexual assault in exchange for dismissal of the remaining charges. The court accepted the plea and continued the matter for sentencing.

¶ 7       Both defendant and the new public defender filed motions to withdraw the plea prior to sentencing. Counsel's motion also requested leave to withdraw from representation because of a conflict of interest related to defendant's assault of the previous public defender.

¶ 8       On June 22, 2016, the court removed the new public defender and appointed *pro bono* counsel, who filed an amended motion to withdraw plea and a Rule 604(d) certificate on October 27, 2016. The trial court denied the amended motion on June 29, 2017.

¶ 9       Following a hearing on September 26, 2017, the court imposed four consecutive prison terms, comprising two 30-year terms and two 25-year terms, for a total sentence of 110 years. Defendant elected to remain in the lockup during the hearing, and when the court directed *pro*

*bono* counsel to ask defendant whether he wanted to be present for post-sentencing admonishments, counsel reported back that defendant declined. The court then recited post-sentencing admonishments.

¶ 10    On October 18, 2017, through *pro bono* counsel, defendant filed a motion to reconsider his sentence. Counsel did not file a new Rule 604(d) certificate. The court modified the fines and fees order and otherwise denied the motion on October 24, 2017. That same day, defendant filed a notice of appeal stating that he appealed from the "[d]isposition" entered on October 24, 2017.

¶ 11    On May 18, 2021, we took this case on appellant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 12                                   II. ANALYSIS

¶ 13    On appeal, defendant first argues remand is necessary because *pro bono* counsel failed to follow Rule 604(d)'s certification requirements or refile the motion to withdraw plea following sentencing.

¶ 14    Prior to appealing from a guilty plea, a defendant must file in the trial court within 30 days of sentencing "a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Rule 604(d) further requires defense counsel to file with the court a certification that he consulted with the defendant to ascertain any contentions of error regarding both his sentence and plea, examined the trial court file and report of proceedings, and made any necessary amendments to the motion. *Id.* Where a defendant files a motion to withdraw plea before sentencing, he must then refile the motion to withdraw plea within 30 days of sentencing, and counsel must file a new Rule 604(d) certificate. See *People v. Marquez*, 2012 IL

App (2d) 110475, ¶¶ 4, 8. Rule 604(d) requires strict compliance, and the failure to so comply requires remand to the trial court. *People v. Easton*, 2018 IL 122187, ¶ 26. We review *de novo* whether counsel complied with Rule 604(d). *Id.*

¶ 15    Here, the public defender who represented defendant when he pleaded guilty filed a motion to withdraw plea prior to sentencing. On June 22, 2016, *pro bono* counsel filed an amended motion to withdraw plea and a Rule 604(d) certificate. The trial court denied the amended motion on June 29, 2017. Following sentencing, *pro bono* counsel filed a motion to reconsider sentence, but did not file a new Rule 604(d) certificate. Thus, counsel did not strictly comply with Rule 604(d). See *Marquez*, 2012 IL App (2d) 110475, ¶¶ 4, 8. The proper remedy is remand for new post-plea proceedings, "including (1) the filing of a new Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence," if necessary, "and (3) a new motion hearing." *Easton*, 2018 IL 122187, ¶ 37.

¶ 16    Because we conclude that remand is appropriate based on counsel's failure to strictly comply with Rule 604(d), we need not address defendant's argument regarding the trial court's Rule 605(b) admonishments.

¶ 17                                III. CONCLUSION

¶ 18    For the foregoing reasons, the matter is remanded for compliance with Rule 604(d).

¶ 19    Remanded with instructions.