# Illinois Official Reports

## Appellate Court

---

### *People v. Milian*, 2019 IL App (3d) 150212-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM J. MILIAN, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0212 |
| Filed | May 22, 2019 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 14-CF-264; the Hon. H. Chris Ryan, Judge, presiding. |
| Judgment | Vacated and remanded with instructions. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Sharifa Rahmany, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Karen Donnelly, State's Attorney, of Ottawa (Patrick Delfino, Lawrence M. Bauer, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justice O'Brien concurred in the judgment and opinion.<br>Presiding Justice Schmidt specially concurred, with opinion. |

**OPINION**

¶ 1 Defendant, William J. Milian, appeals from the denial of his motion to reconsider sentence, arguing that a new Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) certificate needs to be filed and new postplea proceedings held, as the filed certificate was not compliant with the amended rule. We vacate the circuit court's decision on the motion to reconsider and remand for new postplea proceedings.

¶ 2                                        FACTS

¶ 3 Defendant entered a blind guilty plea to attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a) (West 2014)) and was sentenced to 22 years' imprisonment. Defense counsel filed a motion to reconsider sentence on February 13, 2015, which was denied on March 27, 2015. Defense counsel filed a Rule 604(d) certificate, which stated:

> "I have consulted with the Defendant, *in person* to ascertain his/her contentions of error in the entry of his/her *plea of guilty* in the above-entitled cause.
>
> I have consulted with the Defendant, *in person* to ascertain his/her contentions of error in the *sentence* in the above-entitled cause.
>
> I have examined the trial court file and report of proceedings of the plea of guilty.
>
> I have made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphases in original.)

¶ 4 On appeal, this court held that the March 2016 amendment to Rule 604(d) applied retroactively to defense counsel's certificate. We found that, since counsel's certificate did not state that he examined the report of proceedings for the sentencing hearing, as the amended rule required, his certificate was deficient. We thus remanded for new postplea proceedings. The State filed a petition for leave to appeal. The Illinois Supreme Court denied the petition and, in its supervisory authority, vacated this court's judgment. *People v. Milian*, No. 122621 (Ill. Jan. 31, 2019) (supervisory order). It ordered this court to reconsider in light of its decision in *People v. Easton*, 2018 IL 122187.

¶ 5                                      ANALYSIS

¶ 6 On appeal, defendant argues that defense counsel failed to comply with the certification requirements of Rule 604(d) and requests that we remand the case for new postplea proceedings. Specifically, defendant contends that counsel's certificate is deficient because it fails to verify that counsel examined the report of proceedings for the sentencing hearing. Though the amendments in Rule 604(d) do not apply retroactively, we find that the certificate is deficient because it fails to show that counsel reviewed the transcripts of the sentencing hearing before filing the motion to reconsider sentence.

¶ 7 Rule 604(d) governs the procedures to be followed when a defendant wishes to appeal after pleading guilty. One requirement of Rule 604(d) is that counsel file a certificate averring that he or she has consulted with defendant about any contentions of error and has reviewed the transcripts. Rule 604(d) demands strict compliance with each element of the certification requirement. *People v. Gonzalez*, 2017 IL App (3d) 160183, ¶ 13; *People v. Janes*, 158 Ill. 2d 27, 33 (1994). Rule 604(d) currently states, *inter alia*,

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

However, Rule 604(d) went through multiple iterations to get to the current version. See Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015); R. 604(d) (eff. Mar. 8, 2016); R. 604(d) (eff. July 1, 2017). At the time counsel's certificate was filed in February 2015, Rule 604(d) stated, in pertinent part:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014).

In sum, the current version of the rule includes two main changes from the rule in effect in February 2015. First, the current version requires counsel to aver he or she consulted with the defendant regarding any contentions of error in the sentence *and* the plea of guilty, while prior versions required counsel to aver that he or she had consulted with the defendant regarding any contentions of error in the sentence *or* the plea of guilty. Second, the current version requires averring that counsel has examined the transcripts of both the plea of guilty and the sentencing hearing, while the rule in effect at the time the certificate was filed only required counsel to aver he or she had examined the transcripts of the plea of guilty.

¶ 8        Defendant argues that we should retroactively apply the amended portion of Rule 604(d). Our supreme court considered a similar issue in *Easton*, 2018 IL 122187. Defense counsel filed a Rule 604(d) certificate on October 29, 2014, with a motion to reconsider. *Id.* ¶ 4. The certificate stated, " 'I have consulted with the Defendant in person to ascertain his contentions of error in the imposition of the sentence or the entry of plea of guilty[.]' " *Id.* ¶ 5. While the defendant's appeal was pending, Rule 604(d) was amended to require that counsel certify that he or she had consulted with the defendant about contentions of error both in the sentence and the entry of the plea of guilty. *Id.* ¶ 6. On appeal, the

"defendant argued that the amended version of Rule 604(d) applied retroactively to his case and that his counsel's certificate failed to satisfy the requirements of the amended rule because counsel did not certify that she had consulted with him as to his contentions of error with regard to both his guilty plea and his sentence." *Id.* ¶ 7.

The appellate court held that the amended rule applied retroactively and, therefore, defense counsel's certificate was deficient because "it did not certify that she had consulted with defendant as to his contentions of error with regard to both his guilty plea and his sentence, and it did not certify that she had reviewed the report of proceedings of the sentencing hearing." *Id.* ¶ 8. The State appealed. *Id.* ¶ 9.

¶ 9        On appeal, the supreme court stated that

"section 4 of the Statute on Statutes requires that ' "the proceedings *thereafter*"—after the enactment of the new procedural statute—"shall conform, so far as practicable, to the laws in force at the time of such proceeding." ' (Emphasis in original.) [*People v.*] *Hunter*, 2017 IL 121306, ¶ 31 (quoting 5 ILCS 70/4 (West 2016)). Thus, '[s]ection 4 contemplates the existence of proceedings after the new or amended [rule] is effective to which the new procedure could apply.' *Id.* This understanding of section 4 has been acknowledged by our use of the phrase 'ongoing proceedings' when referring to the retroactive application of a procedural amendment under that provision. *Id.*" *Id.* ¶ 21.

The court further noted that just because a new rule is procedural in nature did not mean that it applied to every pending case. *Id.* ¶ 22. The court held that Rule 604(d) did not apply retroactively to the defendant's case, stating,

"In this case, defendant's postplea proceedings in the circuit court were completed more than a year before Rule 604(d) was amended in December 2015. As a consequence, there were no 'ongoing proceedings' to which the amended rule would apply. The result of the appellate court's decision was to necessitate new proceedings in order to apply an amendment to a procedural rule that postdated the postplea proceedings. That conclusion is not warranted under our retroactivity jurisprudence, and as expressed in *Hunter*, we 'have grave concerns about such a result.' " *Id.* ¶ 23 (quoting *Hunter*, 2017 IL 121306, ¶ 33).

¶ 10 As in *Easton*, defendant's postplea proceedings had been completed for a significant period of time before Rule 604(d) was first amended. "[T]here were no 'ongoing proceedings' to which the amended rule would apply." *Id.* Therefore, we will not apply Rule 604(d) retroactively.

¶ 11 However, our inquiry does not stop there. After finding that Rule 604(d) did not apply retroactively, the supreme court in *Easton* turned to "whether defense counsel's certificate satisfied the requirements of the rule that was in effect when the certificate and notice of appeal were filed." *Id.* ¶ 25. Defense counsel's certificate stated, " 'I have consulted with the Defendant in person to ascertain his contentions of error in the imposition of the sentence or the entry of plea of guilty[.]' " *Id.* ¶ 5. The certificate specifically mimicked the language of Rule 604(d) in effect at that time. The supreme court noted that in *People v. Tousignant*, 2014 IL 115329, ¶ 7, it

"addressed the scope of defense counsel's obligations under that version of Rule 604(d) to determine whether the rule 'requires counsel to certify that he consulted with the defendant regarding defendant's contentions of error in the sentence *and* the guilty plea, or only regarding contentions of error relevant to the defendant's post-plea motion.' (Emphasis in original.)" *Easton*, 2018 IL 122187, ¶ 28 (quoting *Tousignant*, 2014 IL 115329, ¶ 7).

The court went on to say,

"We noted that Rule 604(d) is designed to ensure that any potential errors in the entry of a guilty plea are brought to the trial court's attention prior to the filing of an appeal. [Citation.] We also observed that the certificate requirement included in the rule 'enable[s] the trial court to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence.' *** [Citation.] We determined that, with regard to defense counsel's consultation obligation, a literal reading of the word 'or' is at variance with

- 4 -

the rule's purpose and frustrates the goal of allowing trial courts to address potential improprieties in the guilty plea before an appeal is taken. [Citation.] However, construing the rule to require that counsel certify he or she consulted with the defendant about both sentencing and plea errors makes it more likely that all potential errors are addressed in the postplea proceeding." (Emphasis in original.) *Id.* ¶ 29 (quoting *Tousignant*, 2014 IL 115329, ¶ 16).

The court stated that solely "tracking the 'text' of the rule is inadequate." *Id.* ¶ 35. The court held that counsel's certificate did not comply with Rule 604(d) and, thus, remanded for new postplea proceedings. *Id.* ¶ 37.

¶ 12    Though *Easton* considered a different portion of Rule 604(d), we find its reasoning equally applicable, here. As stated above (*supra* ¶ 7), at the time defense counsel filed the certificate, Rule 604(d) stated, *inter alia*,

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014).

While the plain language of this version of Rule 604(d) does not specifically state that defense counsel must examine the report of proceedings for the sentencing hearing, the purpose of the rule is to ensure that all errors are brought to the court's attention and that counsel has " 'considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence.' " (Emphasis in original.) *Easton*, 2018 IL 122187, ¶ 29 (quoting *Tousignant*, 2014 IL 115329, ¶ 16).

¶ 13    Here, counsel filed a motion to reconsider sentence. In order to adequately consider all potential errors in the sentence, defense counsel needed to examine the report of proceedings for the sentencing hearing. The certificate did not indicate to the court that counsel had done so. Therefore, we find that the certificate "does not serve as a guarantee of compliance with Rule 604(d)'s imperatives." *Id.* ¶ 34. Therefore, we remand the cause "for new postplea proceedings, including (1) the filing of a new Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *Id.* ¶ 37.

¶ 14                                    CONCLUSION

¶ 15    The judgment of the circuit court of La Salle County is vacated and remanded with instructions.

¶ 16    Vacated and remanded with instructions.

¶ 17    PRESIDING JUSTICE SCHMIDT, specially concurring:

¶ 18    I concur but write separately to point out the obvious. The supreme court demands strict compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *Easton* and *Tousignant* hold that the supreme court expects attorneys to strictly comply with what it intended its rule to say, rather than what the rule says. Perhaps there is a better avenue.