**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190496-U

Order filed January 28, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the 13th Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0496 Circuit No. 14-CF-264 |
| WILLIAM J. MILIAN, | ) ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Presiding Justice O'Brien and Justice Hauptman concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  (1) Defendant failed to establish plain error where the circuit court did not abuse its discretion when imposing defendant's sentence, and (2) plea counsel and postplea counsel did not provide ineffective assistance.

¶ 2     Defendant, William J. Milian, appeals from his conviction for attempted murder. Defendant argues that (1) the La Salle County circuit court improperly considered defendant's "Improper Exhibit Firearm Dangerous Weapon" charge, which was resolved by pretrial diversion and dismissed, and (2) plea counsel and postplea counsel were ineffective. We affirm.

I. BACKGROUND

¶ 4        The grand jury indicted defendant with aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2014)), aggravated battery (*id.* § 12-3.05(f)(1)) and attempted first degree murder (*id.* § 8-4, 9-1(a)). The court appointed counsel to represent defendant. Defendant entered an open guilty plea to attempted first degree murder, a Class X felony (730 ILCS 5/5-4.5-25 (a) (West 2014)). In exchange for his plea, the State dismissed the remaining charges. The State's factual basis indicated that on the evening of July 26, 2014, defendant and his girlfriend, Maria Gallegos, had a verbal argument. A short time after Gallegos went to bed, defendant entered the bedroom and held a Samurai sword over his head. Defendant approached Gallegos and began swinging the sword at her head. In an attempt to protect herself, Gallegos used her arms to shield her face, causing injuries to her arms. Gallegos fell to the floor, and defendant continued to strike her with the sword, causing more injuries. During the altercation, Gallegos's minor child walked into the bedroom and distracted defendant, allowing Gallegos to flee. Defendant pursued Gallegos outside, throwing the sword at her. Gallegos slid the sword under her vehicle, and defendant fled.

¶ 5        Defendant's presentence investigation report (PSI) listed several prior offenses in Florida. The offenses included a 2003 misdemeanor charge for "Improper Exhibit Firearm Dangerous Weapon" that defendant received pretrial diversion,[1] 2003 and 2006 misdemeanor driving while under the influence (DUI) convictions, 2006 misdemeanor disorderly conduct conviction, and several other petty traffic offenses. Defendant also received a 2005 misdemeanor driving on a

---

[1]While the Criminal Code of 2012 does not provide pretrial diversion for weapons offenses, section 17-1b defines pretrial diversion, in regard to the State's Attorney's bad check diversion program, as "the decision of a prosecutor to refer an offender to a diversion program on condition that the criminal charges against the offender will be dismissed after a specified period of time, or the case will not be charged, if the offender successfully completes the program." 720 ILCS 5/17-1b(a) (West 2014). In Florida, where defendant's offense occurred, the Florida code provides a "Pretrial intervention program," which is similar to Illinois pretrial diversion. See Fla. Stat. § 948.08 (2002).

suspended license charge, and misdemeanor possession of alcohol by a person under the age of 21 charge, on which no convictions were entered. From Illinois, the PSI reported a 2010 felony conviction for aggravated battery, in which defendant received four years' imprisonment. At the time of the report, defendant was divorced and had a three-year-old son. Defendant obtained his general education diploma (GED) and maintained employment for several years leading up to the present offense. Defendant reported alcohol and marijuana use. He underwent substance abuse treatment in Florida due to his DUI offenses. Defendant indicated that he consumed six to seven beers and two shots of liquor before the present offense. Defendant had not served in the military. Gallegos and her two children completed victim impact statements, which described the negative effect that defendant's actions had on her children's sense of safety, Gallegos health, and her ability to work and parent her two minor children.

¶ 6        During sentencing, the State argued in aggravation that "defendant has a significant prior criminal record starting in Florida in 2003 with a weapons charge, a DUI in 2003, some other traffic matters, but most significantly in his prior criminal record in 2010, *** aggravated battery and great bodily harm." The State referred to the aggravated battery charge as a "crime of violence" and that it "is a major aggravating factor" in this case. The State discussed the facts and circumstances of the present case, including the significant injuries to Gallegos causing permanent disability and the impact on her and her children. The State argued that both the present offense and defendant's aggravated battery conviction are evidence of defendant's danger to the public. The State said, "we now have our second very violent, very serious felony within the *** last five years, and it's just real cause for concern here."

¶ 7    Defense counsel argued in mitigation that according to family members and friends, this act of violence was out of the ordinary for defendant.[2] Defendant maintained a relationship with his minor child. Defendant received his GED and was capable of being a productive member of society. Counsel noted that defendant had an issue with alcohol. Counsel highlighted that defendant pled guilty and took accountability for his actions.

¶ 8    Defendant accepted responsibility for the crime and asked for leniency in sentencing. Specifically, defendant contended that he was a productive member of society, received two years of college education, consistently held employment, and was an active parent. Defendant said he was "extremely remorseful for what has happened."

¶ 9    The court considered the PSI, letters submitted on defendant's behalf, and the victim impact statement. The court referred to defendant's criminal history, stating

> "[a]dult history, a 2010 aggravated battery. *** There's a Florida disorderly conduct, a DUI, equipment violation, excessive noise, possession of alcohol by a person under 21, driving while suspended, parking violation, careless driving *** in '03, [DUI] in '03, improper exhibition of firearm or dangerous weapon misdemeanor in '03 and some petty traffics in Illinois.
>
> He is currently divorced. He has a son three years of age. There's no indication whatsoever of any support to the minor child. He has his GED. He never served in the military. Obviously he's currently unemployed. However, prior to this apparently he was employed. *** Good physical health, no psychiatric or

_____

[2]The letters submitted on defendant's behalf at the sentencing hearing were not included in the record on appeal.

4

psychological treatment or evaluations or testing. Drug and alcohol, apparently he has alcohol and marijuana. \*\*\*

The victim in the crime \*\*\*, I've considered her letter as well as the two letters of her children. \*\*\* I consider one of the major things also are the facts of the case. The factual basis that was presented the Court takes that in to consideration when it imposes any sentence \*\*\*. It takes in the prior criminal history of the defendant. The State pointed out he has a prior crime of violence, and he has done time in the Department of Corrections \*\*\*. He has other matters in '03, [DUI], driving while suspended and apparently there was a display of a weapon charge.

The fact that the injury occurred in this particular matter is one thing. The extent of the injury is what I put my weight on, not the fact that an injury was part of the charge. \*\*\* There's disability that's going to be permanent apparently it appears and so the extent of the injury is severe. The time and place and location of this particular proceeding and how it occurred is also a matter the Court can consider and of course lastly any sentence the Court imposes is necessary to deter others. \*\*\*

Mitigation as pointed out he pled guilty. The Court considers that as consciousness of guilt and remorse on the matter. The Court gives weight to that. He has a child. \*\*\* The major thing that has been argued to the Court and probably is the most persuasive to the Court is the safety to society. \*\*\* He has a prior crime of violence. The facts and circumstances of this particular matter the Court considers as I previously indicated."

The court sentenced defendant to 22 years' imprisonment.

¶ 10    Plea counsel filed a motion to reconsider sentence and an amended motion to reconsider sentence. In the motions, defendant argued that the court improperly weighed the factors in aggravation and mitigation and gave defendant an excessive sentence. Plea counsel filed a Rule 604(d) certificate. The court denied defendant's motion. Defendant appealed. We vacated the circuit court's ruling, finding that counsel's Rule 604(d) certificate was not compliant with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *People v. Milian*, 2019 IL App (3d) 150212-B, ¶¶ 6, 13, 15. Specifically, we found that counsel's Rule 604(d) certificate failed to show that he reviewed the transcripts of the sentencing hearing before filing his motion to reconsider sentence. *Id.* ¶ 13. We remanded with directions for counsel to file a new Rule 604(d) certificate, to provide an opportunity to file a new motion to withdraw guilty plea or reconsider sentence, if necessary, and the court to conduct a new motion hearing. *Id.*

¶ 11    On remand, the court appointed new postplea counsel. Postplea counsel filed a motion to reconsider sentence and Rule 604(d) certificate. The motion to reconsider alleged, *inter alia*, that the circuit court erred in considering defendant's weapons charge where defendant received pretrial diversion.

¶ 12    At the hearing on defendant's motion to reconsider sentence, postplea counsel argued that the court erred in considering defendant's weapons charge when he received pretrial diversion, and postplea counsel believed the charge "would have been dismissed." In denying defendant's motion, the court stated that at sentencing, it had considered the PSI and that "there's nothing new" that postplea counsel presented for the court to consider.

¶ 13                                    II. ANALYSIS

¶ 14                                    A. Sentence

¶ 15 Defendant argues that the court improperly considered his "Improper Exhibit Firearm Dangerous Weapon" charge, which was resolved by pretrial diversion and dismissed. Defendant concedes that he failed to properly preserve this issue with a simultaneous objection and posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Defendant asks that we review his claim under the second prong of the plain error doctrine.

¶ 16 The plain error doctrine allows a reviewing court to consider an unpreserved sentencing error where: (1) the evidence at the sentencing hearing was closely balanced; or (2) the error was so egregious that defendant was denied a fair sentencing hearing. *People v. Hall*, 195 Ill. 2d 1, 18 (2000). The defendant has the burden of persuasion under both prongs of the plain error doctrine. *People v. Naylor*, 229 Ill. 2d 584, 593 (2008). To obtain relief under this rule, a defendant must first show that a clear or obvious error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). If defendant does not meet this burden, a reviewing court will honor the procedural default of the issue. *Id.*

¶ 17 The Illinois Constitution requires that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. The circuit court has wide latitude in sentencing a defendant to any term prescribed by statute, "[a]s long as the court does not consider incompetent evidence, improper aggravating factors, or ignore pertinent mitigating factors ***." *People v. Hernandez*, 204 Ill. App. 3d 732, 740 (1990). Relevant sentencing considerations include the nature of the crime, the public's protection, deterrence, punishment, and the defendant's rehabilitative potential. *People v. Kolzow*, 301 Ill. App. 3d 1, 8 (1998). The weight that the circuit court should attribute to any factors in aggravation and mitigation depends on the particular circumstances of the case. *Id.*

7

"A trial court may not, however, consider an improper factor in sentencing defendant. [Citation.] 'Consideration of an improper factor in aggravation clearly affects the defendant's fundamental right to liberty, and a court of review must remand such a cause for resentencing, except in circumstances where the factor is an insignificant element of the defendant's sentence.' [*People v. Joe*, 207 Ill. App. 2d 1079, 1085 (1991)]. 'In determining the correctness of a sentence, the reviewing court should not focus on a few words or statements made by the trial court, but is to consider the record as a whole.' [*People v. Fort*, 229 Ill. App. 3d 336, 340 (1992)]. To obtain a remand for resentencing, therefore, defendant must show more than the mere mentioning of an improper fact. [Citation.] 'An isolated remark made in passing, even though improper, does not necessarily require that defendant be resentenced.' *Fort*, 229 Ill. App. 3d at 340. Rather, defendant must show that the trial court relied on the improper fact when imposing sentence." *People v. Reed*, 376 Ill. App. 3d 121, 128 (2007).

¶ 18     We will not disturb a sentence within the applicable sentencing range unless the circuit court abused its discretion. *People v. Stacey*, 193 Ill. 2d 203, 209-10 (2000). We will find an abuse of discretion only where the court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the court. *Hall*, 195 Ill. 2d at 20.

¶ 19     The statutory sentencing range for a Class X felony is 6 to 30 years' imprisonment. See 720 ILCS 5/8-4, 9-1(a) (West 2014); 730 ILCS 5/5-4.5-25(a) (West 2014). Defendant's 22-year prison sentence for attempted murder is within the statutory range for that offense. Therefore, the sentence is presumptively valid. *People v. Sauseda*, 2016 IL App (1st) 140134, ¶ 12.

¶ 20    From our review of the PSI, the "Improper Exhibit Firearm Dangerous Weapon" charge shows that defendant resolved the charge by pretrial diversion. The record shows that the court and the State only referred to the offense as a "charge." *Supra* ¶¶ 6, 9. The court is presumed to know and follow the law, and therefore is presumed to understand that pretrial diversion does not amount to a conviction. *Supra* ¶ 5; see also *People v. Duff*, 374 Ill. App. 3d 599, 605 (2007). Defendant fails to support his claim with any affirmative indication that the court improperly considered his pretrial diversion a conviction. See *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11 ("[A] defendant 'must make an affirmative showing that the sentencing court did not consider the relevant factors.' " (quoting *People v. Burton*, 2015 IL App (1st) 131600, ¶ 38)).

¶ 21    Even assuming, *arguendo*, that the court considered the weapons charge a conviction, the factor was an insignificant element of defendant's sentence. Viewing the court's statements as a whole, the most heavily considered factors were defendant's felony aggravated battery conviction and the particularly serious facts of the present case. See *Reed*, 376 Ill. App. 3d at 128. In comparison, the court mentioned defendant's criminal history, including his pretrial diversion offense in passing. Therefore, defendant cannot show that the court relied on an improper factor in aggravation and abused its discretion when imposing defendant's sentence. Where no error exists, defendant cannot establish plain error.

¶ 22                    B. Ineffective Assistance of Plea and Postplea Counsel

¶ 23    Defendant argues he received ineffective assistance of plea counsel for failing to investigate defendant's weapons charge, object to the State's argument relying on the charge, and correct the court's reliance on the charge. Defendant also argues that postplea counsel was ineffective for failing to argue the ineffective assistance of plea counsel in the motion to reconsider sentence and show the court the weapons charge had been dismissed to support his postplea claim.

9

¶ 24      To challenge the effectiveness of counsel, a defendant must show: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 US. 668, 694 (1984). "[W]e may dispose of an ineffective assistance of counsel claim by proceeding directly to the prejudice prong without addressing counsel's performance." *People v. Hale*, 2013 IL 113140, ¶ 17.

¶ 25      Here, defendant's ineffective assistance of plea and postplea counsel claims both fail. Both of defendant's claims derive from his argument that his sentence is excessive, and his attorneys failed to object or sufficiently raise this issue during a prior proceeding. However, we determined above that defendant's sentence is not excessive. *Supra* ¶¶ 19-21. Accordingly, plea and postplea counsel were not ineffective for failing to raise this meritless issue.

¶ 26      III. CONCLUSION

¶ 27      The judgment of the circuit court of La Salle County is affirmed.

¶ 28      Affirmed.