2021 IL App (1st) 190139-U

No. 1-19-0139

Order filed May 28, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 C6 60643 |
| | ) | |
| DEMETRIUS WALKER, | ) | Honorable |
| | ) | Brian Flaherty, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Justices Sheldon Harris and Maureen Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the trial court recognized and resolved an inaccuracy in counsel's Supreme Court Rule 604(d) certificate, remand for new postplea proceedings is not warranted.

¶ 2    Pursuant to a negotiated plea agreement, defendant Demetrius Walker pled guilty to one count of aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(1) (West 2016)) and was sentenced to two years of probation. On appeal, defendant contends that his postplea counsel did not strictly comply with Supreme Court Rule 604(d) (eff. July 1, 2017) where

he filed a certificate before he obtained transcripts and failed to file a new certificate after he received them. As such, defendant argues that the cause should be remanded for new postplea proceedings. For the reasons that follow, we affirm.

¶ 3     Defendant's conviction arose from the events of August 30, 2017. Following his arrest, defendant was charged by information with two counts of aggravated fleeing or attempting to elude a peace officer. The office of the Public Defender of Cook County was assigned to represent him. On February 1, 2018, counsel informed the court that the State had made a plea offer in the case. The case was continued twice and then set for trial.

¶ 4     On June 11, 2018, the date for trial, defense counsel informed the court that the parties had reached an agreement and the State informed the court that it would nol-pros the second count. The court began the plea proceedings, but when it asked whether defendant understood he was giving up certain rights by pleading guilty, defendant asked if he could "get [his] own lawyer." Initially, the court agreed to give defendant a continuance. However, after confirming with the State that the case was set for trial, the court found that defendant was attempting to delay the proceedings and denied his request.

¶ 5     Defendant consulted with counsel, who then informed the court that defendant wished to plead guilty. The court admonished defendant, reviewed his signed jury waiver, and accepted the stipulated factual basis for the plea. The court entered judgment, finding defendant guilty of one count of aggravated fleeing or attempting to elude a peace officer. The court then sentenced defendant to two years of probation and admonished him regarding his right to appeal.

¶ 6     Two days later, on June 13, 2018, defendant filed a *pro se* motion to advance, writing in the blank space provided for the reason for the motion, "I feel I was not properly represented & I

would like to use a personal attorney." The case was called on August 1, 2018, and a private attorney, Raymond Hough, filed an appearance as defendant's counsel. Hough stated that defendant's *pro se* motion to advance was a motion to withdraw his guilty plea. The court accepted the characterization, stating that it was treating the motion as such. Hough asked for "a brief period of time" to file an amended motion to withdraw the plea, and the court granted the request.

¶ 7    On September 25, 2018, Hough filed an amended motion to withdraw the guilty plea. In the motion, Hough alleged that defendant had experienced a "total lack of communication with his court appointed attorney." The motion further alleged that defendant had asked for a continuance to find his own counsel, and because the court denied the request, his plea was made under duress.

¶ 8    On October 10, 2018, Hough filed a Supreme Court Rule 604(d) (eff. July 1, 2017) certificate, stating that he had (1) consulted with defendant to ascertain his contentions of error in the entry of the plea of guilty and sentence; (2) examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and (3) made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings. Hough also filed an affidavit executed by defendant, stating that there had been "a total breakdown of communication between my court appointed attorney and myself," and that the trial court had denied his request for a continuance.

¶ 9    When the case was called that day, the court and Hough engaged in the following exchange:

"THE COURT: Counsel has filed today a 604(d) certificate. Do you have a copy of the transcript then of the plea and everything?

MR. HOUGH: Do I have a transcript? No, I don't, Judge.

THE COURT: Then the certificate is incorrect, because I need to examined [*sic*] the trial court file and report of proceedings at the plea of guilty and the report of proceedings and the sentencing hearing before, and the report of proceedings are the transcript.

MR. HOUGH: Okay. So I should order the transcript.

THE COURT: You have to order the transcript of everything.

MR. HOUGH: So I need date for that."

The case was continued. When it was called on November 28, 2018, Hough informed the court had he had obtained the transcripts.

¶ 10    The court held a hearing on the motion to withdraw on January 14, 2019. At the hearing, the court stated that defendant had filed a timely motion to withdraw his guilty plea and that Hough had supplemented the motion and filed a Rule 604(d) certificate. After hearing testimony from defendant and plea counsel, as well as argument, the trial court denied defendant's motion to withdraw his guilty plea. Defendant filed a timely notice of appeal.

¶ 11    On appeal, defendant contends that Hough did not strictly comply with Rule 604(d)'s requirement that he certify he had reviewed the report of proceedings where he filed a certificate before he obtained transcripts and failed to file a new certificate after he received them. Defendant maintains that because Hough did not file a certificate that strictly complied with Rule 604(d), this court should reverse and remand for new postplea proceedings. Specifically, he argues that the cause must be remanded for the filing of a proper Rule 604(d) certificate, the opportunity to file a new motion to withdraw the guilty plea, and a new motion hearing.

¶ 12    Appeals from convictions entered on guilty pleas are governed by Rule 604(d) (eff. July 1, 2017). Under this rule, the defendant must file an appropriate postplea motion and the attorney representing the defendant in connection with the motion must file a certificate stating that he or she:

> "has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 13    The purpose of Rule 604(d) is to ensure that any potential errors in the entry of a guilty plea are brought to the trial court's attention prior to the filing of an appeal. *People v. Easton*, 2018 IL 122187, ¶ 29. The rule's certificate requirement enables the trial court " 'to ensure that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence.' " *Id.* (quoting *People v. Tousignant*, 2014 IL 115329, ¶ 16). The trial court is charged with evaluating counsel's prior actions to determine whether the requirements of Rule 604(d) have been satisfied, and the focus is to ascertain what counsel did to achieve compliance with the rule. *Id.* ¶ 34. A certificate filed by counsel must strictly comply with the requirements of Rule 604(d). *Id.* ¶ 26. "While strict compliance does not require that the language of the rule be recited verbatim in the certificate, some indication must be presented that counsel performed the duties required under the rule." *People v. Richard*, 2012 IL App (5th) 100302, ¶ 10. The issue of compliance with Rule 604(d) is a legal question that is reviewed *de novo*. *Easton*, 2018 IL 122187, ¶ 25.

¶ 14    Here, counsel filed a Rule 604(d) certificate on October 10, 2018, stating, *inter alia*, that he had examined the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing. However, when the case was called that day, counsel admitted he had not ordered the transcripts. The court continued the case, counsel obtained the transcripts, and then a hearing was held on the motion to withdraw the guilty plea on January 14, 2019. Defendant contends that this fact pattern demonstrates a lack of strict compliance with Rule 604(d) that mandates remand for new postplea proceedings. The State responds that the certificate contained a technical inaccuracy that was recognized and resolved by the court, and, therefore, the objective of Rule 604(d) was satisfied such that remand would be a *pro forma* exercise with no substantive purpose. We agree with the State.

¶ 15    In coming to this conclusion, we are persuaded by this court's reasoning in *People v. Montag*, 2014 IL App (4th) 120993. In that case, the defendant, through counsel, filed an amended motion to withdraw his guilty plea and motion to reconsider sentence. *Id.* ¶ 14. Counsel then filed a Rule 604(d) certificate stating, in relevant part, that he had "made all amendments to the motion necessary for the adequate presentation of any defects in those proceedings and has filed a Motion to Reconsider Sentence." *Id.* ¶ 15. Six weeks later, counsel filed an amended motion to reconsider, which was denied. *Id.* ¶ 16. On appeal, the defendant contended that counsel's Rule 604(d) certificate was not in strict compliance because it was filed prior to the amended motion to reconsider, and the certificate's representation that counsel made all necessary amendments was belied by the record because counsel filed an amended motion after he filed the certificate. *Id.* ¶ 21.

¶ 16    This court recognized that strict compliance with Rule 604(d) is required (*id.* ¶ 22), but, nevertheless, rejected the defendant's argument that remand was necessary, stating as follows:

"Defendant does not suggest counsel failed to comply with the rule's substantive requirements of consulting with him about alleged errors, reviewing the court file and transcripts, or making necessary amendments. Nor does he articulate how the certificate's technical inaccuracy undermines Rule 604(d)'s purpose and deprives him of a fair opportunity to present his claims of error in the guilty pleas and sentences. These are the concerns animating Rule 604(d), not the formalistic interpretation defendant suggests. [Citation.] He does not state what purpose remand would serve. It appears remand would only serve to allow counsel to file a new certificate after the amended motion. Remand would merely be a *pro forma* activity and serve no substantive purpose. However, we question why any counsel would file the certificate well before filing the amended motion. Such practice inserts an oddity into the record that we must address, and it is a waste of resources. Rule 604(d) compliance is not difficult. Such issues should not continue to occur." *Id.* ¶ 25.

¶ 17    Here, as in *Montag*, defendant has not articulated how the Rule 604(d) certificate's technical inaccuracy undermined the purpose of the rule or deprived him of a fair opportunity to present his claims of error. As explained above, the purpose of Rule 604(d) is to ensure that any potential errors in the entry of a guilty plea are brought to the trial court's attention before the defendant files an appeal. *Easton*, 2018 IL 122187, ¶ 29. Specifically, the certificate requirement exists so as to enable the trial court to ensure that counsel has reviewed the defendant's claims and

considered all relevant bases for the underlying motion, and the focus is to ascertain what counsel did to achieve compliance with the rule. *Id.* ¶¶ 29, 34.

¶ 18    In this case, upon receiving the certificate, the trial court asked counsel whether he had obtained a copy of the transcripts. When counsel answered that he had not, the trial court continued the case so that counsel could do so. It was only after counsel had obtained the transcripts that the trial court held a hearing on the motion. In our view, this series of events demonstrates that the trial court, consistent with the purpose of Rule 604(d), ensured counsel had reviewed defendant's claims and considered all relevant bases for relief prior to filing an appeal.

¶ 19    We agree with the State that the trial court recognized an inaccuracy in the certificate and resolved it. As the State observes, it appears that the only purpose of remand in this case would be to allow counsel to file a new certificate which, other than bearing a changed date, would be identical to the one already filed. In these circumstances, "[r]emand would merely be a *pro forma* activity and serve no substantive purpose." *Montag*, 2014 IL App (4th) 120993, ¶ 25; but see *People v. Jordan*, 2016 IL App (3d) 140262, ¶ 13 ("disregard[ing] *Montag* as precedential" to the extent that it conflicts with the directive in *Tousignant*, 2014 IL 115329, ¶¶ 5, 23, that postplea counsel must strictly comply with the provisions of Rule 604(d)).

¶ 20    The cases cited by defendant are distinguishable. In *People v. Neal*, 403 Ill. App. 3d 757, 759 (2010), postplea counsel filed a Rule 604(d) certificate stating, *inter alia*, that he had examined the transcript of the sentencing hearing. The trial court heard the motion to reconsider sentence and denied it on the merits. *Id.* On appeal, the defendant contended that counsel failed to file a certificate strictly complying with the rule because he did not state he had examined the transcript of the guilty plea hearing. *Id.* This court reversed and remanded, agreeing with the parties that the

certificate was deficient due to counsel's failure to certify that he had examined a transcript of the guilty plea hearing. *Id.* at 760. This court also noted that the record undermined the certificate because it showed that the sentencing transcript was not prepared until three months after counsel filed the certificate. *Id.* at 758, 760.

¶ 21     In *People v. Grice*, 371 Ill. App. 3d 813, 814 (2007), the defendant filed a motion to reconsider sentence. At the hearing on the motion, postplea counsel filed a Rule 604(d) certificate that did not state he had reviewed the guilty plea proceedings. *Id.* at 814-15. At the conclusion of the hearing, the trial court denied the motion. *Id.* at 814. On appeal, this court reversed and remanded because the certificate failed to comply with the rule's requirements. *Id.* at 815. Noting that trial courts possess the power and the duty to examine Rule 604(d) certificates to determine whether they comply with the rule, this court made "suggestions" that trial courts should reject certificates that do not comply, and when doing so, instruct counsel to file another certificate in accordance with the rule. *Id.* at 816.

¶ 22     Unlike in *Neal* and *Grice*, where the trial courts ruled on the postplea motions despite the existence of deficient certificates, here, the trial court detected the inaccuracy in counsel's certificate and took action to remedy it prior to hearing the motion. In contrast to *Neal*, the record in this case does not undermine the certificate. Rather, the record reflects that prior to the hearing on the motion to withdraw the guilty plea, the court had taken steps to ensure counsel had complied with the rule. Moreover, these actions by the trial court are in line with the "suggestions" offered in *Grice*.

¶ 23     The *Grice* court observed that "a waste of judicial resources occurs when, as a result of an attorney's deficient certificate, an appellate court must scour through the record to determine

whether that attorney actually complied with Rule 604(d), even though strict compliance with that rule's certification requirements would prevent such waste." *Grice*, 371 Ill. App. 3d at 816. In this case, we do not need to scour the record in search of evidence that counsel complied with the duties set forth in Rule 604(d). It is readily apparent from the record that the trial court recognized the inaccuracy in counsel's certificate and resolved it. See *People v. Jackson*, 2018 IL App (3d) 170125, ¶¶ 49-51 (finding strict compliance based on readily-apparent facts in the record). In this case, it would be a greater waste of judicial resources to remand than for us to find that the record shows satisfaction of the requirements of Rule 604(d). See *id.* ¶ 51. Accordingly, remand is unnecessary.

¶ 24    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 25    Affirmed.