2023 IL App (2d) 220323
No. 2-22-0323
Opinion filed June 28, 2023

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CF-2798 |
| ISRAEL SUASTE-GONZALEZ, | ) ) ) | Honorable Mark L. Levitt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice McLaren and Justice Schostok concurred in the judgment.

**OPINION**

¶ 1    Defendant, Israel Suaste-Gonzalez, entered open guilty pleas to two counts of criminal sexual assault. The counts alleged that, in separate and distinct acts, he knowingly committed an act of sexual penetration with M.M., the female victim, who he knew was unable to understand the nature of the act and/or give knowing consent. 720 ILCS 5/11-1.20(a)(2) (West 2020). ) After defendant was sentenced, he hired new postplea counsel who, upon entering her appearance, filed a facially valid certificate in accordance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Over two weeks later, she filed a motion to withdraw the guilty plea, which included a disclaimer that stated that "defense counsel ha[d] not yet been furnished with any transcripts from

the case or plea and makes this motion without prejudice to or waiving the later discovery of errors in the record." Thereafter, the transcripts from the guilty plea and sentencing hearings were filed. Counsel then filed an amended motion to withdraw defendant's guilty plea, which included the same disclaimer; however, appended to the motion was the transcript from the guilty-plea hearing. A new Rule 604(d) certificate was never filed. The court, ultimately, denied defendant's motion to withdraw his guilty plea. Defendant never filed a motion to reconsider the sentence.

¶ 2        Defendant appeals, arguing that (1) this cause should be remanded because postplea counsel's Rule 604(d) certificate was filed before counsel obtained or read the reports of proceedings for the sentencing and guilty-plea hearings and before counsel had filed any postplea motion and (2) postplea counsel was ineffective for failing to file a motion to reconsider the sentence where the circuit court sentenced defendant after considering an improper factor and without considering proper mitigating factors.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged with four counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(6) (West 2020)), eight counts of criminal sexual assault (*id.* § 11-1.20(a)(1), (a)(2)), and five counts of aggravated criminal sexual abuse (*id.* § 11-1.60(a)(4))*.*

¶ 5        The trial court appears to have held on April 1, 2021, an off-the-record conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012).  Thereafter, on July 29, 2021, defendant entered an open guilty plea to two counts of criminal sexual assault, in exchange for the State's agreement to nol-pros the remaining counts. At the guilty-plea hearing, defendant was admonished that he was facing a possible sentencing range of between 4 to 15 years' imprisonment, the offenses were probationable, and any term of imprisonment was to be served consecutively, resulting in a minimum term of 8 years' imprisonment and a maximum term of 30 years' imprisonment.

¶ 6     The factual basis for the plea was as follows: M.M. has cerebral palsy and an intelligence quotient of 61, and vocabulary testing placed her in an age range of approximately 10 to 11 years. Between 2016 and 2018, M.M. was in a school program designed to teach life skills to adults with disabilities. Defendant was a paraprofessional working in this program. On two separate occasions, while defendant was working with M.M., he placed his finger into the sex organ of M.M., despite knowing that she was unable to understand the nature of the act or give knowing consent. Based on this description of the facts, the trial court accepted defendant's plea of guilty.

¶ 7     After accepting the guilty plea, the court determined that it had misadvised defendant as to the probationable nature of these offenses. Defendant was then advised that the offenses were nonprobationable, and a date was set for the sentencing hearing.

¶ 8     On September 14, 2021, the State presented testimony from M.M.'s mother, Pauline M., and victim impact statements from M.M. and her father, Don M. Pauline spoke in depth about M.M.'s intellectual disability, cerebral palsy, language delays, schooling in a special education district, and struggle to walk as a child. M.M. shared that she feared defendant and new people because she does not know if she can trust them, was upset that her other teachers did not protect her, and was having "troubled thoughts" that impacted her ability to sleep since the incidents. Don stated that, after the abuse occurred, he noticed a regression in tasks that M.M. had successfully worked on for years. For instance, M.M. exhibited lack of conversation and eye contact; there was also skin picking, renewed bedwetting, new speech impairments, loss of appetite, weight loss, difficulty sleeping, and stomach pains. Don also talked about the impact that M.M.'s abuse has had on his own and Pauline's health.

¶ 9    Defendant presented testimony and statements from numerous friends and family members, all describing him as helpful, welcoming, supportive, caring, intelligent, honest, and hard-working.

¶ 10    The State argued that defendant failed to take full responsibility for his actions, because, in the presentence investigation report, he claimed that M.M. asked for help changing and cleaning herself and this is what led to the instances of abuse. The State also asked the court to consider in aggravation that defendant was in a position of trust and that this offense was committed against a person with a physical disability, because M.M. had cerebral palsy, attention deficit disorder, intellectual disabilities, and speech impairments. The State also noted that her conditions regressed because of defendant's actions. It asked for the maximum term of 30 years' imprisonment.

¶ 11    In response to the State's argument, defense counsel noted that M.M.'s disability should not be considered as a factor in aggravation because considering it would be an improper double enhancement, as her disability was an element of the offense. Raymond Kloss (plea counsel) then highlighted the mitigating factors that were discussed by defendant's witnesses and asked for the minimum term of eight years' imprisonment. Defendant gave a statement in allocution, addressing M.M. and expressing his remorse and commitment to rehabilitation.

¶ 12    The circuit court noted that it considered all factors in aggravation and mitigation, paying close attention to those that were highlighted at the hearing. It was impressed by the positive impact defendant had on his community and, specifically, considered the impact of incarceration on defendant's family. In aggravation, the court noted that defendant abused his position of trust by sexually assaulting a special needs adult. This impacted M.M., her family, and the community at large. The court noted that it took a "special kind of depravity" to abuse a person such as M.M., who was in defendant's care and regressed because of defendant's conduct. The court sentenced

defendant to two consecutive terms of 12 years' imprisonment with a period of mandatory supervised release to be set between 3 years and natural life.

¶ 13    On September 20, 2021, Renea Amen (postplea counsel) entered her appearance in defendant's case and filed a Rule 604(d) certificate. Counsel indicated that she would be filing a motion to withdraw defendant's guilty plea and did so over two weeks later, on October 7, 2021. In the motion, counsel averred that it was "expressly understood that defense counsel has not yet been furnished with any transcripts from the *case or plea* and makes this motion without prejudice to or waiving the later discovery of errors in the record." (Emphasis added.).

¶ 14    On November 5, 2021, the sentencing hearing transcript was filed. Four days later, on November 9, 2021, at a status conference, postplea counsel stated that she had recently received the "transcripts" and was reviewing them to determine if an amended motion to withdraw the plea was appropriate. The guilty-plea hearing transcript was not filed until January 3, 2022.

¶ 15    On January 5, 2022, the State filed a motion to dismiss defendant's motion to withdraw his guilty plea because, *inter alia*, postplea counsel had not reviewed the transcript of the guilty-plea hearing prior to filing the motion to withdraw the plea and failed to file an affidavit with the motion, in accordance with Rule 604(d), to support the facts that were contained in the motion but fell outside the record.

¶ 16    On March 31, 2022, postplea counsel filed an amended motion to withdraw defendant's plea, which contained the same disclaimer that counsel had not "yet been furnished with any transcripts from the case or plea"; however, counsel appended the guilty-plea hearing transcript to the motion. Critically, no new Rule 604(d) certificate was filed. The motion alleged that (1) defendant was confused about the class of the offense, whether the offense was probationable, and the number of counts he was pleading to, because of the competing information he received

from plea counsel and the court and (2) defendant did not knowingly and intelligently enter his guilty plea, because he was not proficient enough in English to understand legal jargon.

¶ 17    On July 28, 2022, the hearing on the motion to withdraw the guilty plea was continued, but the State reiterated its position that postplea counsel did not strictly comply with Rule 604(d) where she failed to file an affidavit in support of the facts included in the motion but outside the record. The trial judge withheld ruling on the State's motion to dismiss but reminded counsel that Rule 604(d) "compliance is to be strict and any failure to comply with the rule will result in the case being remanded for strict compliance."

¶ 18    On September 7, 2022, a hearing was held on the motion to withdraw the guilty plea. At the start of the hearing, the State received a copy of defendant's affidavit, supporting the facts alleged in the motion. The State noted that its basis for the motion to dismiss was now irrelevant because, facially, the defense was now in compliance with Rule 604(d). Thereafter, the court heard testimony from plea counsel, who stated that he never had a concern about defendant understanding the legal concepts or the plea, as he met with defendant in person and over the phone several times. Plea counsel indicated to defendant, in advance of the guilty plea, that he was hoping to get the State to agree to one count of a Class 1 felony. However, after the Rule 402 conference, the offer with the State remained at two counts of aggravated criminal sexual assault. Plea counsel hoped that the sentence would be in the low teens but recognized that a higher sentence was possible. Plea counsel advised defendant of this information because he did not want defendant to be shocked if his sentence was, ultimately, at the upper end of the range. Eventually, the State amended its offer to two counts of criminal sexual assault, with the sentences to be served consecutively; this was the offer to which defendant ultimately pled. After the plea proceedings, but before the sentencing hearing, defendant informed plea counsel that he thought he was pleading

to only one count of a Class 1 felony. Plea counsel indicated that he found the conversation strange because he had discussed the parameters of the plea with defendant for three hours.

¶ 19    Defendant then testified that, prior to the plea hearing, plea counsel relayed to him that he believed the circuit court would be amenable to a plea for a Class 1 felony, where he could receive the minimum sentence of four years' imprisonment. At the plea hearing, however, defendant did not understand everything that occurred, because of the unfamiliar legal terms that were used. Defendant did not remember hearing terms like consecutive or concurrent, or Class X felony or Class 1 felony. Defendant stated that plea counsel advised him not to use an interpreter at the proceedings. Defendant agreed with plea counsel's testimony that, after the plea hearing, he raised his concerns to plea counsel regarding the class of the offense and the potential sentencing range. Defendant then testified regarding the sentencing hearing, where, despite being admonished of the sentencing range, he believed he would be sentenced to the minimum, based on his discussions with plea counsel. Defendant recalled being told after the sentencing hearing that plea counsel met with his family and indicated that they could "cancel" the sentence and plea counsel would move to withdraw as counsel.

¶ 20    After hearing the foregoing testimony, the circuit court denied defendant's motion to withdraw the guilty plea. This timely appeal followed.

¶ 21                                    II. ANALYSIS

¶ 22    On appeal, defendant argues that this cause must be remanded for further proceedings because postplea counsel's Rule 604(d) certificate was filed before counsel obtained or read the reports of proceedings for the sentencing and guilty-plea hearings and before counsel had filed any postplea motion. Additionally, defendant argues that postplea counsel was ineffective for failing to file a motion to reconsider the sentence, where counsel failed to challenge an improper factor

considered at sentencing and failed to assert that pertinent mitigating factors were not considered at sentencing. For its part, the State insists that remand is not required where the Rule 604(d) certificate was facially sufficient and the statements in the certificate were not rebutted by the record. Moreover, the State argues that was not ineffective for failing to file a motion to reconsider the sentence, as defendant's sentences were appropriate and there was no reasonable probability that a motion to reconsider would be successful. For the following reasons, we agree with defendant's first argument.

¶ 23    Rule 604(d) "governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." (Internal quotation marks omitted.) *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 29. The rule requires a defendant to file, within 30 days of sentencing, a motion to withdraw his or her plea of guilty and vacate the judgment if the plea is being challenged; if only the sentence is being challenged, the defendant must file, within 30 days of sentencing, a motion to reconsider the sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Further, the rule provides in part:

> "The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit unless the defendant is filing the motion *pro se* from a correctional institution ***. *** The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.
>
> *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the

plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 24 It is well settled that the certificate filed by counsel must strictly comply with the requirements of Rule 604(d). *People v. Janes*, 158 Ill. 2d 27, 33, 35 (1994). If counsel's certificate does not meet this standard, the reviewing court must remand the matter to the trial court "for the filing of a new Rule 604(d) certificate, for the filing of a new motion to withdraw guilty plea or to reconsider sentence, and for a new hearing on the motion." *People v. Gorss*, 2022 IL 126464, ¶ 31. In addition, even where a Rule 604(d) certificate is facially valid, remand is required if the record refutes the certificate, because " 'Rule 604(d) contemplates more than the mere *pro forma* filing of a motion.' " *People v. Bridges*, 2017 IL App (2d) 150718, ¶¶ 8, 10 (quoting *People v. Keele*, 210 Ill. App. 3d 898, 902-03 (1991)). Here, there is no dispute that postplea counsel's Rule 604(d) certificate is facially valid. Thus, the issue is whether, as defendant claims, the record refutes the certificate and demonstrates that counsel failed to comply with the rule. "Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*." *Gorss*, 2022 IL 126464, ¶ 10.

¶ 25 Defendant contends that postplea counsel failed to comply with Rule 604(d), because she filed her certificate of compliance prematurely; the motion to withdraw the guilty plea expressly stated that counsel had not been furnished, and thus had not read, any "transcripts from the case or plea"; and there is no indication from the record that counsel reviewed the transcripts and consulted with defendant, at least, regarding the sentencing hearing.

¶ 26 Defendant relies on *People v. Easton*, 2018 IL 122187, ¶ 34. In *Easton*, our supreme court highlighted the importance of consultation in furthering the purpose of Rule 604(d) by finding that

the prior language of Rule 604(d)—which used the conjunction "or" rather than the current conjunction "and"—should be read to require that counsel certify that she or he has consulted with the defendant to ascertain the defendant's contentions of error in the sentence *and* the entry of the plea of guilty. *Id.* ¶¶ 32, 36. The supreme court reasoned that reading the conjunction "or" to mean "and" was necessary to protect a defendant's interests and ensure that all alleged improprieties could be addressed in the circuit court before an appeal. *Id.* ¶ 32. The Rule 604(d) certificate conveys to the court "the details of counsel's consultation with the defendant" and "serves as evidence that the requisite consultation has taken place." *Id.* ¶¶ 32, 34; see *Gorss*, 2022 IL 126464, ¶ 26 (noting that a Rule 604(d) certificate is evidence that a consultation between the defendant and his or her attorney has taken place). Accordingly, the objective of the certificate is to "describe past conduct—*i.e.*, the factual circumstances of an interaction with defendant that has already taken place." *Easton*, 2018 IL 122187, ¶ 34.

¶ 27     Also instructive is *People v. Marquez*, 2012 IL App (2d) 110475. In *Marquez*, we held that a Rule 604(d) certificate filed before sentencing was premature. *Id.* ¶ 8. There, prior to the defendant's sentencing hearing, defense counsel filed a facially valid Rule 604(d) certificate as well as a motion to withdraw the plea. Following an evidentiary hearing, the trial court denied the motion. After the defendant was sentenced, defense counsel filed a motion to reconsider the previous motion to withdraw the plea. A renewed certificate of compliance in accordance with Rule 604(d) was never filed. *Id.* ¶ 4. In reaching our decision, we indicated a rough timeline for the sequence of events in accordance with Rule 604(d): "(1) entry of plea, (2) sentencing, (3) filing of motion, (4) appointment of counsel for the proceedings on the motion, and (5) filing of certificate." *Id.* ¶ 7. At a minimum, we noted that a Rule 604(d) certificate should be filed before or simultaneously with the hearing on the motion in the trial court. *Id.* ¶ 6 (citing *People v. Shirley*,

181 Ill. 2d 359, 371 (1998)). However, we stressed that the certificate should not be filed until after the sentencing hearing because Rule 604(d) requires counsel to certify that she or he has made any necessary amendments to the postplea motion, and the sentencing proceedings may themselves provide grounds for a motion. We reasoned that allowing counsel to file a certificate before making the necessary amendments to the postplea motion would be meaningless, because the certificate would not ensure that counsel considered all relevant bases for relief. *Id.* ¶ 8.

¶ 28    We find *Easton* and *Marquez* compelling. Here, postplea counsel entered her appearance and filed a Rule 604(d) certificate *before* filing any postplea motion and *before* receiving and reading the reports of proceedings from the guilty plea and sentencing hearings. Specifically, the Rule 604(d) certificate was rebutted by the record because counsel expressly stated in her motion to withdraw defendant's guilty plea that the "transcripts from the case or plea" had not yet been furnished to her.

¶ 29    Counsel's certificate is not prospective. The certificate is not to be used as a checklist of what counsel will do. Counsel's certificate is evidence to the reviewing court that consultation *has taken place* with the defendant after counsel *has received and read* the trial court file, the report of proceedings of the guilty plea, and the report of proceedings from the sentencing hearing. Postplea counsel's premature filing here is evidence of nothing. The record shows that the relevant transcripts had not been filed, rendering it not possible for counsel to have read those documents before filing her certificate. Additionally, counsel was not capable of affirming that she adequately consulted with defendant about the transcripts of the "case [and the] plea" when she did not have those transcripts in her possession. Further, counsel's statements on November 9, 2021, that she reviewed the transcripts from the proceedings also appear to be rebutted by the record, as not all

the relevant records were filed until January 3, 2022. As such, we find that counsel's Rule 604(d) certificate was rebutted by the record.

¶ 30    The State contends that the record does not impeach the facially valid Rule 604(d) certificate. Despite postplea counsel's express statement, after filing her Rule 604(d) certificate, indicating that she had not yet been furnished with any relevant transcripts, the State asserts that it was obvious from the record that consultation occurred. It asserts that (1) counsel had to have consulted with defendant regarding his contentions of error in the guilty plea because she was new to the case and there was no other way, besides consultation, that she could have learned of defendant's contentions of error; (2) counsel must have read the transcripts before filing her amended motion to withdraw the plea, because all of her amendments were based upon the events that transpired at the guilty-plea hearing; and (3) counsel appended the transcript of the guilty plea to her amended posttrial motion.

¶ 31    The State's approach, *i.e.*, that logic dictates that a review of the record and an adequate consultation occurred, was rejected by the supreme court in *Gorss*. There, the supreme court noted that, although counsel need not recite verbatim the form provided in Rule 604(d), the court would not rely on speculation to ensure that an adequate consultation took place. *Gorss*, 2022 IL 126464, ¶ 27. Citing Justice McLaren's dissent in *People v. Peltz*, 2019 IL App (2d) 170465, the court noted that remand was required where it was forced to speculate whether (1) counsel saw no error, told the defendant this, and advised the defendant not to withdraw his plea; (2) counsel discovered an error but the defendant decided not to pursue the issue; or (3) counsel discovered an error but did not advise the defendant about the error because the defendant had already decided on a course of action. *Gorss*, 2022 IL 126464, ¶ 27 (citing *Peltz*, 2019 IL App (2d) 170465, ¶ 49 (McLaren, J., dissenting)).

¶ 32     Here, the State is asking us to presume that consultation took place. We decline to do so. Postplea counsel filed a certificate pursuant to Rule 604(d), averring that she had read the court file and the report of proceedings from the plea and sentencing hearings and consulted with defendant regarding his contentions of error in these proceedings. However, twice, in her initial and amended motions to withdraw defendant's guilty plea, counsel backtracked and noted that she had not, in fact, received or read the "transcripts *from the case or plea*" (emphasis added), although she had certified that she had met her obligations. We have determined that counsel's statement that she had not been furnished "transcripts from the case" includes the transcript from the sentencing hearing. The sentencing hearing transcript was not filed until November 5, 2021, six weeks after counsel filed her Rule 604(d) certificate. Thereafter, no new Rule 604(d) certificate was filed.

¶ 33     It is not for this court to speculate as to whether an examination of the record and consultation with defendant occurred. There is no indication on this record that counsel *actually* discussed with defendant the contentions of error in the guilty plea or sentence after counsel was furnished with the appropriate transcripts. This is especially troubling considering the fact that a motion to reconsider the sentence was not filed and two potential sentencing issues are discussed by defendant on appeal: (1) defendant was not told that there was a mandatory supervised release (MSR) term of between three years and natural life, which was not harmless error, because that MSR term plus defendant's prison sentence might exceed the maximum sentence defendant was told he could receive and (2) defendant was not told until after the guilty plea that the charges he was pleading guilty to were not actually probationable. Each of these issues was something that should have been discovered upon examination of the record and discussed with defendant; however, because of counsel's statements rebutting the Rule 604(d) certificate, we are left in the

untenable position of speculating whether (1) counsel saw no error upon reviewing the transcripts and conveyed this to defendant; (2) counsel discovered the sentencing errors, discussed them with defendant, and decided not to raise the errors in a posttrial motion; or (3) counsel discovered the sentencing errors but did not convey them to defendant because defendant had already decided he wanted to withdraw his plea. Here, the combination of counsel's premature certificate, her statements rebutting the certificate, and the filing dates of the transcripts for the guilty plea and sentencing hearings leave us simply unable to conclude that she consulted with defendant after examining the case file and the reports of proceedings from the sentencing and guilty-plea hearings. Strict compliance with the rule demands that a new certificate should have been filed by counsel *after* counsel met her obligations, assuming those obligations were ever met.

¶ 34    Next, the State cites *People v. Montag*, 2014 IL App (4th) 120993 (remand for strict compliance would be *pro forma* where there was no indication that counsel failed to comply with Rule 604(d)'s substantive requirements by filing his certificate before filing an amended motion to reconsider), and *People v. Walker*, 2021 IL App (1st) 190139-U, to support its contention that, while the Rule 604(d) certificate may have contained a technical inaccuracy, there was nothing to suggest that the purpose of Rule 604(d) was undermined or defendant was deprived of a fair opportunity to present his claims of error. The State's reliance on these cases is misplaced and does not alter our conclusion.

¶ 35    For example, in *Walker*, the circuit court discovered that defense counsel had not ordered the transcripts from the guilty plea or sentencing hearings at the time counsel filed his Rule 604(d) certificate. *Id.* ¶ 9. The court refused to hold a hearing on the motion to withdraw the plea until counsel had received those transcripts. *Id.* ¶¶ 14, 18. The reviewing court held that it would be merely *pro forma* to remand the cause for strict compliance with Rule 604(d) and new postplea

proceedings, because it was readily apparent from the record that the circuit court recognized the inaccuracies in the certificate and resolved those inaccuracies by ordering the missing transcripts and continuing the proceedings until all the missing materials were given to counsel. *Id.* ¶¶ 18-19.

¶ 36    *Walker* is factually distinguishable from this case. Here, the circuit court did not recognize the inaccuracies in the record and, thus, did not take corrective steps to cure those inaccuracies. Unlike *Walker* and *Montag*, remand here will not be a *pro forma* activity. Rather, it would serve the substantive purpose of requiring postplea counsel to comply with Rule 604(d) and file a new certificate of compliance and then conduct new postplea proceedings. The uncertainty regarding counsel's examination of the report of proceedings, consultation regarding potential sentencing errors, and the decision concerning the filing of a motion to reconsider the sentence would be fully fleshed out in new postplea proceedings accompanied by an unrebutted certificate. Because this case deals with more than technical inaccuracies in the record, and remand could substantively impact this case, we find *Montag* and *Walker* to be inapposite.

¶ 37    In sum, after considering the contents of the certificate, the timing of the filings, and the substance of postplea counsel's filings, we conclude that this cause should be remanded to the circuit court to proceed in accordance with Rule 604(d).

¶ 38                                III. CONCLUSION

¶ 39    For the reasons stated, we vacate the circuit court's order denying defendant's motion to withdraw his guilty plea and remand this cause for new postplea proceedings, including the filing of a Rule 604(d) certificate in strict compliance with the rule.

¶ 40    Vacated and remanded.

*People v. Suaste-Gonzalez*, **2023 IL App (2d) 220323**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 19-CF-2798; the Hon. Mark L. Levitt, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Amaris Danak, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Eric F. Rinehart, State's Attorney, of Waukegan (Patrick Delfino, Edward R. Psenicka, and Lynn M. Harrington, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |