**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230524-U

Order filed November 6, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0524 Circuit No. 22-CF-62 |
| SHUNE B. KIBBLE, | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Brennan and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  (1) The circuit court's postplea admonishments did not substantially comply with Illinois Supreme Court Rule 605(b). (2) The premature filing of defense counsel's certification did not strictly comply with Illinois Supreme Court Rule 604(d).

¶ 2    The defendant, Shune B. Kibble, pled guilty to two counts of child pornography. On appeal, the defendant argues that the La Salle County circuit court erred by failing to properly admonish him in accordance with Illinois Supreme Court Rule 605(b) (eff. Sept. 18, 2023). The defendant

further asserts that defense counsel failed to fulfill his duties pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        On June 7, 2022, the defendant entered a blind plea of guilty to two counts of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2022)) in exchange for the dismissal of other charges. On June 13, 2022, the defendant filed a *pro se* motion to withdraw his guilty plea alleging defense counsel had told him the plea agreement included a determinate sentence of two terms of six years' imprisonment, served consecutively at 50%. A motion to vacate the defendant's plea was filed by defense counsel the following day.

¶ 5        On March 23, 2023, defense counsel filed an amended motion to vacate, asserting the plea was involuntary because the defendant did not understand the proceedings. Defense counsel filed a facially valid Rule 604(d) certificate with the motion, certifying, *inter alia*, that he had consulted with the defendant regarding "contentions or error" in the plea and sentence and had examined the report of proceedings for both the guilty plea and the sentencing hearing. After a hearing, the court denied the motion and set the matter for sentencing.

¶ 6        On October 12, 2023, the defendant was sentenced to two consecutive terms of 14 years' imprisonment. After imposing the defendant's sentence, the court provided the following admonishments:

> "This is a final and appealable order. But your appeal means based on the record is as follows. I denied, after a hearing, your motion to vacate your guilty plea. So you can appeal my denial of your motion to vacate 30 days from today's date alleging any and all reasons why.

2

Any failure to mention that therein in your appeal to the higher court or what you failed to mention then, is a waiver in writing and that is a notice of appeal to the Third District Appellate Court.

Now, if you also, in addition to appealing the motion to vacate, you already did that, if you also want to appeal your sentence, you need to first do and your notice of appeal on the motion to vacate can be held up until you finish that. Which in writing you need to file a motion in this Court to reconsider your sentence 30 days from today's date alleging any and all reasons why. Any issue not raised in this Court in your written motion will be a waiver to a higher court."

The defendant asked the court to clarify if he needed to appeal immediately. In response, the court advised the defendant that he would need to file a written motion with the court to appeal his sentence and stated:

"If you don't want to appeal your sentence, then in that event you can appeal right now 30 days to the Appellate Court on my denial of your motion to vacate. But if you want to appeal your sentence, you need to do that right now 30 days from today's date."

¶ 7       The defendant filed a *pro se* notice of appeal on October 16, 2023. An amended notice of appeal was later filed after the appointment of the Office of the State Appellate Defender.

¶ 8                                    II. ANALYSIS

¶ 9                           A. Rule 605(b) Admonitions

¶ 10      On appeal, the defendant first argues that the court did not substantially comply with Rule 605(b) when it admonished him that he could directly appeal the denial of his motion to vacate his guilty plea. The defendant asserts that the court erred by failing to inform him that he was required

3

to first file a new motion to withdraw his plea in accordance with Rule 604(d). We review *de novo* whether the court substantially complied with the postplea admonition requirements under Rule 605. *People v. Dominguez*, 2012 IL 111336, ¶ 13.

¶ 11        "Rule 605(b) serves to ensure that a defendant knows of the Rule 604(d) requirements for an appeal from a sentence imposed upon a plea of guilty." *People v. Green*, 332 Ill. App. 3d 481, 484 (2002). Rule 605(b) requires the circuit court to advise the defendant, in pertinent part:

> "(1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;
>
> (3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;
>
> (4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial." Ill. S. Ct. R. 605(b) (eff. Sept. 18, 2023).

Although Rule 605(b) admonishments are mandatory, the court is not required to read the rule verbatim. *Dominguez*, 2012 IL 111336, ¶ 22. Conveying the substance or "essence" of the rule to a defendant is sufficient for substantial compliance with the rule when "the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* Substantial compliance with the rule has not been satisfied where the circuit

court omits information or provides misinformation that ultimately causes a defendant to fail to perfect an appeal under Rule 604(d). *People v. Valentin*, 347 Ill. App. 3d 946, 955 (2004).

¶ 12    Here, strict compliance with Rule 604(d) required the defendant to file a motion to withdraw a plea of guilty "*within 30 days of the date on which sentence is imposed.*" (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Sept. 18, 2023). Instead, the defendant filed his motion to withdraw prior to sentencing, which does not satisfy the rule. See *People v. Borowski*, 2015 IL App (2d) 141081, ¶ 7. The only way for the defendant to perfect his appeal under Rule 604(d) was to renew the motion to withdraw his plea following sentencing. See *People v. Ramage*, 229 Ill. App. 3d 1027, 1031 (1992); *People v. Gamboa*, 225 Ill. App. 3d 668, 671 (1992); *People v. Riegle*, 246 Ill. App. 3d 270, 273 (1993).

¶ 13    Strict compliance with Rule 604(d) is a condition precedent to an appeal from a plea of guilty and dismissal is warranted when this condition is not met. *People v. Erby*, 2023 IL App (3d) 220400, ¶ 9. However, if a defendant is not properly advised of the stringent requirements of Rule 604(d) and subsequently fails to comply, the cause should be remanded for strict compliance with the rule. *People v. Holcomb*, 2022 IL App (3d) 210038, ¶ 13. After imposing the defendant's sentence, the court provided Rule 605(b) admonishments, but incorrectly advised that the defendant could directly appeal the denial of his motion to withdraw his guilty plea without first filing a renewed motion on the issue pursuant to Rule 604(d). This misstatement of the law seemingly contributed to the defendant's failure to comply with Rule 604(d) as he filed a *pro se* notice of appeal to withdraw his guilty plea without filing a renewed motion. Therefore, we conclude that the court did not substantially comply with Rule 605(b).

¶ 14                            B. Rule 604(d) Certificate

¶ 15 The defendant further contends that his counsel failed to strictly comply with the certificate requirements of Rule 604(d) by certifying he had examined the report of proceedings for the sentencing hearing months before the hearing occurred. Rule 604(d) states, in relevant part:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to *ascertain defendant's contentions of error in the sentence* and the entry of the plea of guilty, has *examined* the trial court file and both the report of proceedings of the plea of guilty and *the report of proceedings in the sentencing hearing*, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphases added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

When an attorney fails to strictly comply with Rule 604(d) certificate requirements, it is necessary to remand the cause for the filing of a new motion to withdraw guilty plea in addition to a hearing on the motion. *People v. Stefanski*, 2019 IL App (3d) 160140, ¶ 22. Remand is required even where a Rule 604(d) certificate is facially valid if it is rebutted by the record. *People v. Suaste-Gonzalez*, 2023 IL App (2d) 220323, ¶ 24. This is because the filing is more than just a mere formality—it serves as evidence that counsel met their obligation under the rule to consult with the defendant after reviewing the circuit court file and the report of proceedings from the guilty plea and sentencing hearing. *Id.* ¶¶ 24, 29.

¶ 16 Although facially valid, defense counsel's Rule 604(d) certificate is clearly refuted by the record. The certificate was filed with the defendant's amended motion to vacate guilty plea on March 23, 2023. However, the defendant's sentence was not imposed until October 12, 2023. Because the defendant had not yet been sentenced at the time the certificate was filed, it was

6

impossible for counsel to certify he had ascertained any contentions of error in the sentence or examined the report of proceedings from the sentencing hearing. Therefore, counsel did not fulfill his mandatory obligation under Rule 604(d) to certify that he had consulted with the defendant to determine contentions of error as to both the sentence and entry of the guilty plea. See *People v. Gorss*, 2022 IL 126464, ¶ 26. As Rule 604(d) contemplates the filing of postplea motions and the accompanying certificate of counsel after sentencing, defense counsel's premature certificate did not strictly comply with the rule. See *Suaste-Gonzalez*, 2023 IL App (2d) 220323, ¶ 29; *People v. Marquez*, 2012 IL App (2d) 110475, ¶ 7.

¶ 17    For the foregoing reasons, we remand the cause for: (1) the court to provide proper admonitions pursuant to Rule 605(b); (2) the defendant to file new postplea motions; and (3) defense counsel to file a new certificate in strict compliance with Rule 604(d).

¶ 18                                III. CONCLUSION

¶ 19    The judgment of the circuit court of La Salle County is remanded for further proceedings.

¶ 20    Remanded.