2025 IL App (1st) 231125-U

No. 1-23-1125

Order filed August 15, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 14714 |
| | ) | |
| ANTONIO HAMMOND, | ) | Honorable |
| | ) | Lauren Gottainer Edidin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Tailor and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We reverse and remand where counsel failed to file a certificate strictly complying with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2    On January 19, 2023, defendant Antonio Hammond pled guilty to attempted criminal damage to government supported property and was sentenced to one year in prison. The circuit court denied his motion to vacate his plea and his motion to reconsider that denial. On appeal, he argues that, during postplea proceedings, his counsel failed to strictly comply with Illinois

Supreme Court Rule 604(d) (eff. July 1, 2017). We agree and reverse the circuit court's judgment, and remand for compliance with Rule 604(d).

¶ 3    Defendant was charged by indictment with criminal damage to government supported property. On January 19, 2023, defendant pled guilty to the lesser charge of attempted criminal damage to government supported property. The State's factual basis provided that a police officer would testify defendant attempted to remove an impounded vehicle from a City of Chicago service building, became irate, shouted at employees, indicated he would damage the building, and "kicked the metal detector and the temperature monitor off the wall." The court sentenced defendant to one year in prison.

¶ 4    On February 6, 2023, defendant's counsel appeared in court, informing the court that he would file a written motion that day to vacate the plea at defendant's request. The court stated that defendant needed to be present to file the motion and allowed the motion "to be entered and continued." Counsel also informed the court that he had ordered a transcript of the proceedings.

¶ 5    On March 15, 2023, counsel filed the motion to vacate defendant's guilty plea. The motion alleged that, when defendant pled guilty, he was under psychological duress from having been in custody for 204 days. The motion further alleged that defendant, who had experienced mental health issues and been found fit for trial with medication, was "promised help" he did not receive.

¶ 6    The motion included an affidavit providing that "Richard Person, being first duly sworn on oath, states and avers that he has read the above and foregoing Motion to Vacate Guilty Plea by him subscribed and that the contents thereof are true and accurate to the best of his knowledge and belief." The signature above the title "Defendant-Movant" on the affidavit is illegible but appears

to have a first name beginning with the letter "A" and a last name beginning with "H," and resembles the signature appearing above the same title on the motion itself.

¶ 7 Counsel attached a Rule 604(d) certificate to the motion. Counsel certified that he had consulted with defendant in person and by phone and mail to ascertain defendant's contentions of error in the entry of his guilty plea and sentence, prepared the attached motion to vacate the plea "after having examined the court file," ordered a transcript of the plea proceedings and was awaiting its delivery, and amended the motion as necessary to adequately present any defects in the proceedings.

¶ 8 At a hearing on March 15, 2023, counsel stated that he was ready to argue defendant's motion. The court asked counsel if he had a copy of the transcript, as the court had not received one. Counsel replied that he had ordered the transcript but did not have it. The court announced it would not rule before receiving a transcript and continued the case.

¶ 9 On May 11, 2023, the court stated it had reviewed the transcript. Counsel replied, "Fantastic," and argued the motion to vacate defendant's plea. Counsel contended that the duress of being in custody and defendant's mental health issues made defendant feel he could not make a good decision, the plea made it difficult for him to find housing, and he was engaging in mental health treatment. The court noted the appropriate assistant state's attorney (ASA) was absent and continued the case to the following day.

¶ 10 On May 12, 2023, the court denied defendant's motion to vacate his plea. On June 9, 2023, defendant filed a motion to reconsider, repeating the substance of his motion to vacate. On June 22, 2023, the court held a hearing on the motion to reconsider. At the outset of the hearing, the

court stated that it had the transcript in its chambers and took a short recess to retrieve it. Following argument, the court again noted it had read the transcript and denied the motion to reconsider.

¶ 11      Defendant filed an untimely notice of appeal. We take jurisdiction over the appeal pursuant to a supervisory order from our supreme court (*Hammond v. Justices of the Appellate Court, First District*, No. 131730 (Ill. Apr. 30, 2025) (supervisory order)) directing us to allow him leave to amend his notice of appeal, which defendant then did, and treat the amended notice as a properly perfected appeal from the circuit court's May 12, 2023, denial of his motion to vacate his plea.

¶ 12      On appeal, defendant argues that his counsel failed to comply with Rule 604(d) where (1) counsel's certificate stated he had only ordered the transcript of the plea hearing, without specifying that counsel had examined it, and (2) the affidavit included with the motion to vacate defendant's plea bore the name "Richard Person" rather than defendant's name. Defendant asks that we remand for new postplea proceedings.

¶ 13      Rule 604(d) provides that, before a defendant may appeal from a judgment entered upon a guilty plea, he must file a motion to withdraw the guilty plea and vacate the judgment or reconsider the sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Where the motion is based on facts outside the record, it must be supported by an affidavit. *Id.* Further, the defendant's postplea attorney must:

> "file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 14 Rule 604(d) is intended to ensure that, before an appeal is taken from a guilty plea, the judge who accepted the plea may learn of and correct any improper conduct or errors that may have produced the plea. *People v. Gorss*, 2022 IL 126464, ¶ 15. "The certification requirement furthers this purpose by enabling the circuit court to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Emphasis in original and internal quotation marks omitted.) *Id.* The certificate should " 'describe past conduct—*i.e.*, the factual circumstances of an interaction with defendant that has already taken place.' " *People v. Suaste-Gonzalez*, 2023 IL App (2d) 220323, ¶ 26 (quoting *People v. Easton*, 2018 IL 122187, ¶ 34).

¶ 15 Counsel must strictly comply with each provision of Rule 604(d). *Gorss*, 2022 IL 126464, ¶ 19. Failure to do so requires remand for the filing of a new postplea motion and a new hearing on the motion. *Id.* While strict compliance does not require that counsel's certificate recite the rule verbatim, it must indicate that counsel performed the required duties. *People v. Richard*, 2012 IL App (5th) 100302, ¶ 10. Whether counsel strictly complied with Rule 604(d) is an issue we review *de novo*. *Gorss*, 2022 IL 126464, ¶ 10.

¶ 16 Here, counsel's certificate is facially invalid. The certificate does not indicate that counsel reviewed the report of proceedings of defendant's guilty plea hearing, as required. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) (counsel must file a certificate stating he examined the report of proceedings of the plea of guilty). Rather, it states that counsel ordered the transcript of the plea proceedings and was awaiting its delivery, establishing that counsel had not examined the transcript. The certificate was insufficient as it did not establish that counsel complied with Rule 604(d) at the time he filed the certificate. See *Easton*, 2018 IL 122187, ¶ 34 (certificate is intended

to describe past conduct); *People v. Love*, 385 Ill. App. 3d 736, 737-39 (2008) (holding "that a Rule 604(d) certificate filed before counsel has actually complied with the substantive requirements of Rule 604(d) is ineffective").

¶ 17    The State acknowledges the facial deficiency in the certificate but argues that, nevertheless, the record reflects the court received and reviewed the transcript of the plea hearing before ruling on defendant's motion to vacate his plea and motion to reconsider, and the purpose of Rule 604(d) was therefore fulfilled. In so arguing, the State contends that decisions of our supreme court provide that compliance with Rule 604(d) "can be established by the record even if non-compliance is indicated by a fault in the certificate," and that no speculation is required to conclude that counsel here complied with Rule 604(d).

¶ 18    In support, the State cites *People v. Tousignant*, *Easton*, and *Gorss*. However, in none of those cases did the supreme court examine the record of subsequent proceedings to determine whether counsel complied with Rule 604(d) after filing a deficient certificate. See *Gorss*, 2022 IL 126464, ¶¶ 27-31 (reversing and remanding for failure to comply with Rule 604(d) where the certificate failed to indicate that counsel consulted with the defendant regarding contentions of error in the entry of the guilty plea); *Easton*, 2018 IL 122187, ¶¶ 34, 37 (when examining a certificate, the court must evaluate counsel's "prior actions" and not counsel's "intent," and remanding where a certificate did not strictly comply with Rule 604(d)); *People v. Tousignant*, 2014 IL 115329, ¶¶ 4, 23 (remand required where the certificate did not indicate counsel consulted with the defendant regarding contentions of error in his entry of plea).

¶ 19    Moreover, our court has " 'explicitly decline[d]' " to examine the record when faced with a certificate that did not state that counsel had reviewed the guilty plea proceedings. See *People v.*

*Curtis*, 2021 IL App (4th) 190658, ¶ 33 (quoting *People v. Grice*, 371 Ill. App. 3d 813, 815-16 (2007)). Rather, when a certificate is facially deficient, "a reviewing court does not need to look any further than the certificate itself to find noncompliance with Rule 604(d)." *Id.* ¶ 35. In *Grice*, we stated that trial courts could prevent the waste of judicial resources that occurs when we scour the record determining whether an attorney complied with Rule 604(d) by rejecting noncompliant certificates and instructing counsels to file compliant ones. *Grice*, 371 Ill. App. 3d at 815-16. Although the court here declined to rule on defendant's motion to vacate his plea until it received the transcript of defendant's guilty plea, it never instructed counsel to file another certificate establishing that counsel examined the transcript nor confirmed that counsel had done so, and the record contains no such amended or subsequent certificate.

¶ 20     We note that, even were we to examine the record here, nothing therein establishes that counsel reviewed the transcript of defendant's guilty plea proceedings. While the *court* indicated multiple times that it had reviewed the transcript, counsel never indicated the same. Concluding that counsel examined the transcript merely because the court did so would result in impermissible speculation and inference. See *Suaste-Gonzalez*, 2023 IL App (2d) 220323, ¶ 33 (refusing "to speculate as to whether an examination of the record and consultation with defendant occurred" where the record did not show "that counsel *actually* discussed with defendant the contentions of error in the guilty plea or sentence after counsel was furnished with the appropriate transcripts." (Emphasis in original.)); see also *Richard*, 2012 IL App (5th) 100302, ¶ 10 ("[T]his court cannot simply assume or infer compliance with Rule 604(d)" as any issue not raised in the postplea motion is waived).

¶ 21    Thus, we conclude that counsel's certificate, which indicated counsel had not examined the report of proceedings of defendant's plea proceedings, failed to strictly comply with Rule 604(d).

¶ 22    The State argues that remanding in this case would serve no purpose consistent with Rule 604(d). We disagree because on remand defendant's attorney will consult with defendant regarding his contentions of error and examine the report of proceedings of the entry of his guilty plea, as the rule requires. Ill. S. Ct. R. 604(d) (eff. July 1, 2017); see also *Easton*, 2018 IL 122187, ¶ 26 (failure to strictly comply with Rule 604(d) requires remand for strict compliance); *People v. Jordan*, 2016 IL App (3d) 140262, ¶¶ 15-16 (the defendant need not show prejudice to obtain remand when counsel files deficient a Rule 604(d) certificate).

¶ 23    Therefore, we reverse the court's judgment and remand for the filing of a new Rule 604(d) certificate, the opportunity to file a new motion to vacate defendant's plea, and a new motion hearing. Given our remand, we need not decide whether counsel's submission of an affidavit bearing a name other than defendant's constitutes a failure to comply with Rule 604(d).

¶ 24    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand for further proceedings.

¶ 25    Reversed and remanded.